# EXHIBIT A

FILED
08-03-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000393
Honorable Scott L Horne
Branch 4

**STATE OF WISCONSIN**        **CIRCUIT COURT**        **LA CROSSE**

Donna Bentzen et al vs. The 3M Company et al        **Electronic Filing Notice**

Case No. 2021CV000393
Class Code: Product Liability

THE 3M COMPANY
3M CENTER
SAINT PAUL MN 55144

Case number 2021CV000393 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8db10b**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: August 3, 2021

FILED
08-03-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000393
Honorable Scott L Horne
Branch 4

**STATE OF WISCONSIN**      **CIRCUIT COURT**      **LA CROSSE**

Donna Bentzen et al vs. The 3M Company et al          **Electronic Filing Notice**

Case No. 2021CV000393
Class Code: Product Liability

AGC CHEMICALS AMERICAS INC.
SUITE 201
55 EAST UWCHLAN AVENUE
EXTON PA 19341

Case number 2021CV000393 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8db10b**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: August 3, 2021

**FILED**
**08-03-2021**
**Clerk of Circuit Court**
**La Crosse County WI**
**2021CV000393**
**Honorable Scott L Horne**
**Branch 4**

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE**

Donna Bentzen et al vs. The 3M Company et al          **Electronic Filing Notice**

Case No. 2021CV000393
Class Code: Product Liability

AMEREX CORPORATION
7595 GADSDEN HIGHWAY
TRUSSVILLE AL 35173

Case number 2021CV000393 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8db10b**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: August 3, 2021

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **LA CROSSE**

Donna Bentzen et al vs. The 3M Company et al     **Electronic Filing Notice**

Case No. 2021CV000393
Class Code: Product Liability

FILED
08-03-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000393
Honorable Scott L Horne
Branch 4

ARKEMA INC.
900 FIRST AVENUE
KING OF PRUSSIA PA 19406

Case number 2021CV000393 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8db10b**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: August 3, 2021

§801.18(5)(d), Wisconsin Statutes

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE**

Donna Bentzen et al vs. The 3M Company et al

**Electronic Filing Notice**

Case No. 2021CV000393
Class Code: Product Liability

FILED
08-03-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000393
Honorable Scott L Horne
Branch 4

ARCHROMA MANAGEMENT LLC
4153 REINACH
NEUHOFSTRASSE 11
BASEL-LANE

Case number 2021CV000393 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8db10b**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: August 3, 2021

FILED
08-03-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000393
Honorable Scott L Horne
Branch 4

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **LA CROSSE**

Donna Bentzen et al vs. The 3M Company et al     **Electronic Filing Notice**

Case No. 2021CV000393
Class Code: Product Liability

BASF CORPORATION
100 PARK AVENUE
FLORHAM PARK NJ 07932

Case number 2021CV000393 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8db10b**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: August 3, 2021

**FILED**
**08-03-2021**
**Clerk of Circuit Court**
**La Crosse County WI**
**2021CV000393**
**Honorable Scott L Horne**
**Branch 4**

## STATE OF WISCONSIN        CIRCUIT COURT        LA CROSSE

Donna Bentzen et al vs. The 3M Company et al                **Electronic Filing Notice**

Case No. 2021CV000393
Class Code: Product Liability

BUCKEYE FIRE EQUIPMENT COMPANY
110 KINGS ROAD
KINGS MOUNTAIN NC 28086

Case number 2021CV000393 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8db10b**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: August 3, 2021

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE**

FILED
08-03-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000393
Honorable Scott L Horne
Branch 4

Donna Bentzen et al vs. The 3M Company et al          **Electronic Filing Notice**

Case No. 2021CV000393
Class Code: Product Liability

CARRIER GLOBAL CORPORATION
13995 PASTEUR BOULEVARD
PALM BEACH GARDENS FL 33418

Case number 2021CV000393 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8db10b**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: August 3, 2021

FILED
08-03-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000393
Honorable Scott L Horne
Branch 4

**STATE OF WISCONSIN**         **CIRCUIT COURT**         **LA CROSSE**

Donna Bentzen et al vs. The 3M Company et al                **Electronic Filing Notice**

Case No. 2021CV000393
Class Code: Product Liability

CHEMDESIGN PRODUCTS INC.
2 STANTON STREET
MARINETTE WI 54143

Case number 2021CV000393 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8db10b**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: August 3, 2021

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE**

FILED
08-03-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000393
Honorable Scott L Horne
Branch 4

Donna Bentzen et al vs. The 3M Company et al          **Electronic Filing Notice**

Case No. 2021CV000393
Class Code: Product Liability

CHEMGUARD INC.
ONE STANTON STREET
MARINETTE WI 54143

Case number 2021CV000393 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8db10b**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: August 3, 2021

GF-180(CCAP), 11/2020 Electronic Filing Notice                                        §801.18(5)(d), Wisconsin Statutes
**This form shall not be modified. It may be supplemented with additional material.**

**FILED**
**08-03-2021**
**Clerk of Circuit Court**
**La Crosse County WI**
**2021CV000393**
**Honorable Scott L Horne**
**Branch 4**

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE**

Donna Bentzen et al vs. The 3M Company et al          **Electronic Filing Notice**

Case No. 2021CV000393
Class Code: Product Liability

CHEMICALS, INC.
12321 HATCHERVILLE
BAYTOWN TX 77520

Case number 2021CV000393 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8db10b**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: August 3, 2021

GF-180(CCAP), 11/2020 Electronic Filing Notice

This form shall not be modified. It may be supplemented with additional material.

§801.18(5)(d), Wisconsin Statutes

FILED
08-03-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000393
Honorable Scott L Horne
Branch 4

**STATE OF WISCONSIN**       **CIRCUIT COURT**       **LA CROSSE**

Donna Bentzen et al vs. The 3M Company et al          **Electronic Filing Notice**

Case No. 2021CV000393
Class Code: Product Liability

CLARIANT CORPORATION
4000 MONROE ROAD
CHARLOTTE NC 28205

Case number 2021CV000393 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8db10b**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: August 3, 2021

FILED
08-03-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000393
Honorable Scott L Horne
Branch 4

## STATE OF WISCONSIN      CIRCUIT COURT      LA CROSSE

Donna Bentzen et al vs. The 3M Company et al

**Electronic Filing Notice**

Case No. 2021CV000393
Class Code: Product Liability

CORTEVA, INC.
974 CENTRE ROAD
WILMINGTON DE 19805

Case number 2021CV000393 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8db10b**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: August 3, 2021

**FILED**
**08-03-2021**
**Clerk of Circuit Court**
**La Crosse County WI**
**2021CV000393**
**Honorable Scott L Horne**
**Branch 4**

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE**

Donna Bentzen et al vs. The 3M Company et al          **Electronic Filing Notice**

Case No. 2021CV000393
Class Code: Product Liability

DEEPWATER CHEMICALS, INC.
196122 E COUNTY ROAD 40
WOODWARD OK 73801

Case number 2021CV000393 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8db10b**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: August 3, 2021

FILED
08-03-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000393
Honorable Scott L Horne
Branch 4

## STATE OF WISCONSIN    CIRCUIT COURT    LA CROSSE

Donna Bentzen et al vs. The 3M Company et al                **Electronic Filing Notice**

Case No. 2021CV000393
Class Code: Product Liability

DUPONT DE NEMOURS INC.
974 CENTRE ROAD
WILMINGTON DE 19805

Case number 2021CV000393 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8db10b**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: August 3, 2021

GF-180(CCAP), 11/2020 Electronic Filing Notice                §801.18(5)(d), Wisconsin Statutes

This form shall not be modified. It may be supplemented with additional material.

FILED
08-03-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000393
Honorable Scott L Horne
Branch 4

## STATE OF WISCONSIN    CIRCUIT COURT    LA CROSSE

Donna Bentzen et al vs. The 3M Company et al    **Electronic Filing Notice**

Case No. 2021CV000393
Class Code: Product Liability

DYNAX CORPORATION
103 FAIRVIEW PARK DRIVE
ELMSFORD NY 10523

Case number 2021CV000393 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8db10b**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: August 3, 2021

**STATE OF WISCONSIN**      **CIRCUIT COURT**      **LA CROSSE**

Donna Bentzen et al vs. The 3M Company et al

**Electronic Filing Notice**

Case No. 2021CV000393
Class Code: Product Liability

FILED
08-03-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000393
Honorable Scott L Horne
Branch 4

E. I. DUPONT DE NEMOURS AND COMPANY
974 CENTRE ROAD
WILMINGTON DE 19805

Case number 2021CV000393 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8db10b**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: August 3, 2021

GF-180(CCAP), 11/2020 Electronic Filing Notice

This form shall not be modified. It may be supplemented with additional material.

§801.18(5)(d), Wisconsin Statutes

FILED
08-03-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000393
Honorable Scott L Horne
Branch 4

## STATE OF WISCONSIN          CIRCUIT COURT          LA CROSSE

Donna Bentzen et al vs. The 3M Company et al | **Electronic Filing Notice**

Case No. 2021CV000393
Class Code: Product Liability

KIDDE-FENWAL, INC.
ONE FINANCIAL PLAZA
HARTFORD CT 06101

Case number 2021CV000393 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8db10b**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: August 3, 2021

**FILED**
**08-03-2021**
**Clerk of Circuit Court**
**La Crosse County WI**
**2021CV000393**
**Honorable Scott L Horne**
**Branch 4**

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE**

Donna Bentzen et al vs. The 3M Company et al          **Electronic Filing Notice**

Case No. 2021CV000393
Class Code: Product Liability

NATION FORD CHEMICAL COMPANY
2300 BANKS STREET
FORT MILL SC 29715

Case number 2021CV000393 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8db10b**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: August 3, 2021

FILED
08-03-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000393
Honorable Scott L Horne
Branch 4

**STATE OF WISCONSIN**       **CIRCUIT COURT**       **LA CROSSE**

Donna Bentzen et al vs. The 3M Company et al       **Electronic Filing Notice**

Case No. 2021CV000393
Class Code: Product Liability

NATIONAL FOAM, INC.
141 JUNNY ROAD
ANGIER NC 27501

Case number 2021CV000393 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8db10b**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: August 3, 2021

**FILED**

**08-03-2021**

**Clerk of Circuit Court**

**La Crosse County WI**

**2021CV000393**

**Honorable Scott L Horne**

**Branch 4**

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **LA CROSSE**

Donna Bentzen et al vs. The 3M Company et al     **Electronic Filing Notice**

Case No. 2021CV000393
Class Code: Product Liability

THE CHEMOURS COMPANY
P.O. BOX 2047
1007 MARKET STREET
WILMINGTON DE 19899

Case number 2021CV000393 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8db10b**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: August 3, 2021

**This form shall not be modified. It may be supplemented with additional material.**

FILED
08-03-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000393
Honorable Scott L Horne
Branch 4

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE**

Donna Bentzen et al vs. The 3M Company et al          **Electronic Filing Notice**

Case No. 2021CV000393
Class Code: Product Liability

THE CHEMOURS COMPANY FC, LLC
1007 MARKET STREET
WILMINGTON DE 19899

Case number 2021CV000393 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8db10b**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: August 3, 2021

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **LA CROSSE**

Donna Bentzen et al vs. The 3M Company et al

**Electronic Filing Notice**

FILED
08-03-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000393
Honorable Scott L Horne
Branch 4

Case No. 2021CV000393
Class Code: Product Liability

TYCO FIRE PRODUCTS, LP
ONE STANTON STREET
MARINETTE WI 54143

Case number 2021CV000393 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8db10b**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: August 3, 2021

GF-180(CCAP), 11/2020 Electronic Filing Notice       §801.18(5)(d), Wisconsin Statutes

This form shall not be modified. It may be supplemented with additional material.

FILED
08-03-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000393
Honorable Scott L Horne
Branch 4

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **LA CROSSE**

Donna Bentzen et al vs. The 3M Company et al     **Electronic Filing Notice**

Case No. 2021CV000393
Class Code: Product Liability

DOE DEFENDANTS 1-20

Case number 2021CV000393 was electronically filed with/converted by the La Crosse County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 8db10b**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-785-9590.

La Crosse County Circuit Court
Date: August 3, 2021

FILED
08-03-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000393
Honorable Scott L Horne
Branch 4

STATE OF WISCONSIN    CIRCUIT COURT    LA CROSSE COUNTY

DONNA BENTZEN
2902 Pierce Avenue
La Crosse, WI 54603

                                Case No.:

BLAINE & EILEEN HOUSER
3141 Youngdale Avenue
La Crosse, WI 54603

                                Case Code: 30100, 30106

CRAIG & KATIE WALTERS
809 Kelly Place
La Crosse, WI 54603

RAINEY & DEBBIE WALTERS
807 Richmond Avenue
La Crosse, WI 54603

APRIL HUCKE
2535 Island Park Road
La Crosse, WI 54603

RICHARD & CATHERINE TISCHER
1602 Lakeshore Drive
La Crosse, WI 54603

DENISE ROELLICH
1357 Nakomis Avenue
La Crosse, WI 54603

KIM WING
203 Church Drive
La Crosse, WI 54603

COLIN MCKEOWN
318 Olivet Street
La Crosse, WI 54603

KENNETH SCOTT
1620 Lakeshore Drive
La Crosse, WI 54603

ROBIN DYCK
2924 Pierce Avenue
La Crosse, WI 54603

FILED
08-03-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000393
Honorable Scott L Horne
Branch 4

HOLLY BRENNER
204 Goddard Street
La Crosse, WI 54603

MARY LOU ARENTZ
2125 Caroline Street
La Crosse, WI 54603

ROBERT CLARK
2937 Lakeshore Drive
La Crosse, WI 54603

CHARLES & KAREN GATES
810 Kelly Place
La Crosse, WI 54603

TODD BLANCHARD
814 Richmond Avenue
La Crosse, WI 54603

DONNA GILBERT
1816 Caroline Street
La Crosse, WI 54603

GLENN & IRENE WOOD
1835 La Fond Avenue
La Crosse, WI 54603

DANIEL & BETTY FAGAN
1623 Bainbridge Street
La Crosse, WI 54603

SHIRLEY ARENTZ
1322 La Crescent Street
La Crosse, WI 54603

PAUL & SHIRLEY URBANEK
1417 La Crescent Street
La Crosse, WI 54603

TRAVIS & GLENA SUITER
1828 Bainbridge Place
La Crosse, WI 54603

FILED
08-03-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000393
Honorable Scott L Horne
Branch 4

KATHLEEN ZABEL
3130 Youngdale Avenue
La Crosse, WI 54603

TERRY & LINDA GREENE
2902 Youngdale Avenue
La Crosse, WI 54603

THOMAS & PATRICIA DUNN
806 Richmond Avenue
La Crosse, WI 54603

BARBARA GANDER
809 Richmond Avenue
La Crosse, WI 54603

STEVE FLICK
2605 Hibbard Court
La Crosse, WI 54603

PETER GRIFFITH,
1917 Nakomis Ave
La Crosse, WI 54603

JEFF & COLLEEN BONSACK
1913 Cherokee Avenue
La Crosse, WI 54603

EARL & ELAINE BONSACK
620 Plainview Road
La Crosse, WI 54603

ROSALIE SCHNICK
3039 Edgewater Lane
La Crosse, WI 54603

THOMAS READY
3049 Edgewater Lane
La Crosse, WI 54603

JESSE & ASHLEY BONSACK
2609 Hibbard Ct.
La Crosse, WI 54603

FILED
08-03-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000393
Honorable Scott L Horne
Branch 4

and

WILLIAM PFAFFLIN
3021 Edgewater Lane
La Crosse, WI 54603

 *Plaintiffs.*

vs.

THE 3M COMPANY, f/k/a Minnesota Mining
and Manufacturing Co.
3M Center
St. Paul, MN 55144-1000

AGC CHEMICALS AMERICAS INC.
55 East Uwchlan Avenue, Suite 201
Exton, PA 19341

AMEREX CORPORATION
7595 Gadsden Highway
Trussville, AL 35173

ARKEMA INC.
900 First Avenue
King of Prussia, PA 19406

ARCHROMA MANAGEMENT LLC
Neuhofstrasse 11, 4153 Reinach,
Basel-Land, Switzerland

BASF CORPORATION
individually and as successor in interest to Ciba Inc.,
100 Park Avenue
Florham Park, NJ 07932

BUCKEYE FIRE EQUIPMENT COMPANY
110 Kings Road
Kings Mountain, NC 28086

CARRIER GLOBAL CORPORATION
13995 Pasteur Boulevard
Palm Beach Gardens, FL 33418

FILED
08-03-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000393
Honorable Scott L Horne
Branch 4

CHEMDESIGN PRODUCTS INC.
2 Stanton Street
Marinette, WI 54143

CHEMGUARD INC.
One Stanton Street
Marinette, WI 54143

CHEMICALS, INC.
12321 Hatcherville
Baytown, TX 77520

CLARIANT CORPORATION, individually and as
successor in interest to Sandoz Chemical Corporation,
4000 Monroe Road
Charlotte, NC 28205

CORTEVA, INC., individually and as successor in interest to
DuPont Chemical Solutions Enterprise,
974 Centre Rd.
Wilmington, DE 19805

DEEPWATER CHEMICALS, INC.
196122 E County Road 40
Woodward, OK 73801

DUPONT DE NEMOURS INC.,
individually and as successor in interest to
DuPont Chemical Solutions Enterprise,
974 Centre Road
Wilmington, DE 19805

DYNAX CORPORATION
103 Fairview Park Drive
Elmsford, NY 10523

E. I. DUPONT DE NEMOURS AND COMPANY,
individually and as successor in interest to
DuPont Chemical Solutions Enterprise,
974 Centre Road
Wilmington, DE 19805

KIDDE-FENWAL, INC., individually and as
successor in interest to Kidde Fire Fighting, Inc.,
One Financial Plaza
Hartford, CT 06101

FILED
08-03-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000393
Honorable Scott L Horne
Branch 4

NATION FORD CHEMICAL COMPANY
2300Banks Street
Fort Mill, SC 29715

NATIONAL FOAM, INC.
141 Junny Road
Angier, NC 27501

THE CHEMOURS COMPANY, individually
and as successor in interest to DuPont Chemical
Solutions Enterprise,
1007 Market Street
P.O. Box 2047
Wilmington, DE 19899

THE CHEMOURS COMPANY FC, LLC
individually and as successor in interest to DuPont Chemical
individually and as successor in interest to The Ansul Company,
1007 Market Street
Wilmington, DE 19899

TYCO FIRE PRODUCTS LP,
One Stanton Street
Marinette, WI 54143-2542

and DOE DEFENDANTS 1-20,
fictitious names whose present identities are unknown

*Defendants.*

---

## SUMMONS

---

THE STATE OF WISCONSIN to each person named above as a Defendant:

You are hereby notified that the Plaintiffs named above have filed a lawsuit or other legal

action against you.  The Complaint, which is attached, states the nature and basis of the legal

action.

Within forty-five (45) days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court, whose address is Clerk of Circuit Court, 333 Vine Street, La Crosse, Wisconsin 54601, and to Plaintiffs' attorneys at the addresses referenced herein. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated:  August 3, 2021                         KOBY LAW, LLC

                                               /s/ James R. Koby
                                               James R. Koby (#01013063)
                                               201 Main Street, Suite 620
                                               La Crosse, Wisconsin 54601
                                               Telephone: (608) 782-1800
                                               Facsimile: (608) 782-4676
                                               jkoby@kobylawllc.com

                                               CURTIS LAW FIRM, LLC

                                               /s/ Scott J. Curtis
                                               Scott J. Curtis (#1090049)
                                               201 Main Street, Suite 1000
                                               La Crosse, Wisconsin  54601
                                               Telephone: (608) 784-1605
                                               scott@lacrosselaw.com

O'FLAHERTY LAW, LLC

*/s/ Sean O'Flaherty*
Sean O'Flaherty (#1037543)
201 Main Street, Tenth Floor
La Crosse, Wisconsin 54601
Telephone: (608) 785-3255
Facsimile: (608) 785-1303
soflaherty@lacrosselaw.com

T. Roe Frazer II (*Pro Hac Vice Anticipated*)
Patrick McMurtray (*Pro Hac Vice Anticipated*)
Thomas Roe Frazer III (*Pro Hac Vice Anticipated*)
Frazer P.L.C.
30 Burton Hills Boulevard, Suite 450
Nashville, TN 37215
(615) 647-6464
roe@frazer.law
patrick@frazer.law
trey@frazer.law

and

Derek P. Sieck, (*Pro Hac Vice Anticipated*)
James G. Onder, (*Pro Hac Vice Anticipated*)
OnderLaw, LLC
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000
sieck@onderlaw.com
onder@onderlaw.com

FILED
08-03-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000393
Honorable Scott L Horne
Branch 4

STATE OF WISCONSIN    CIRCUIT COURT    LA CROSSE COUNTY

DONNA BENTZEN, BLAIN & EILEEN HOUSER, CRAIG
& KATIE WALTERS, RAINEY & DEBBIE WALTERS,
APRIL HUCKE, RICHARD & CATHERINE TISCHER,
DENISE ROELLICH, KIM WING, COLIN MCKEOWN,
KENNETH SCOTT, ROBIN DYCK, HOLLY BRENNER,
MARY LOU ARENTZ, ROBERT CLARK, CHARLES &
KAREN GATES, TODD BLANCHARD, DONNA
GILBERT, GLENN & IRENE WOOD, DANIEL & BETTY
FAGAN, SHIRLEY ARENTZ, PAUL & SHIRLEY
URBANEK, TRAVIS & GLENA SUITER, KATHLEEN
ZABEL, TERRY & LINDA GREENE, THOMAS &
PATRICIA DUNN, BARBARA GANDER, STEVE FLICK,
PETER GRIFFITH, JEFF & COLLEEN BONSACK,
EARL & ELAINE BONSACK, ROSALIE SCHNICK,
THOMAS READY, JESSE & ASHLEY BONSACK,
AND WILLIAM PFAFFLIN

*Plaintiff*

Vs.

THE 3M COMPANY, f/k/a Minnesota Mining and
Manufacturing Co., AGC CHEMICALS AMERICAS INC.,
AMEREX CORPORATION, ARKEMA INC.,
ARCHROMA MANAGEMENT LLC, BASF
CORPORATION, individually and as successor in interest to
Ciba Inc., BUCKEYE FIRE EQUIPMENT COMPANY,
CARRIER GLOBAL CORPORATION, CHEMDESIGN
PRODUCTS INC., CHEMGUARD INC., CHEMICALS,
INC., CLARIANT CORPORATION, individually and as
successor in interest to Sandoz Chemical Corporation,
CORTEVA, INC., individually and as successor in interest to
DuPont Chemical Solutions Enterprise, DEEPWATER
CHEMICALS, INC., DUPONT DE NEMOURS INC.,
individually and as successor in interest to DuPont Chemical
Solutions Enterprise, DYNAX CORPORATION, E. I.
DUPONT DE NEMOURS AND COMPANY, individually
and as successor in interest to DuPont Chemical Solutions
Enterprise, KIDDE-FENWAL, INC., individually and as
successor in interest to Kidde Fire Fighting, Inc., NATION
FORD CHEMICAL COMPANY, NATIONAL FOAM,
INC., THE CHEMOURS COMPANY, individually and as
successor in interest to DuPont Chemical Solutions
Enterprise, THE CHEMOURS COMPANY FC, LLC,
individually and as successor in interest to DuPont Chemical

Case No.:
Case Code:

1

FILED
08-03-2021
Clerk of Circuit Court
La Crosse County WI
2021CV000393
Honorable Scott L Horne
Branch 4

individually and as successor in interest to The Ansul Company,
TYCO FIRE PRODUCTS LP, and DOE DEFENDANTS 1-20,
fictitious names whose present identities are unknown,

## COMPLAINT

Plaintiffs, Donna Bentzen, Blain & Eileen Houser, Craig & Katie Walters, Rainey & Debbie Walters, April Hucke, Richard & Catherine Tischer, Denise Roellich, Kim Wing, Colin McKeown, Kenneth Scott, Robin Dyck, Holly Brenner, Mary Lou Arentz, Robert Clark, Charles & Karen Gates, Todd Blanchard, Donna Gilbert, Glenn & Irene Wood, Daniel & Betty Fagan, Shirley Arentz, Paul & Shirley Urbanek, Travis & Glena Suiter, Kathleen Zabel, Terry & Linda Greene, Thomas & Patricia Dunn, Barbara Gander, Steve Flick, Peter Griffith, Jeff & Colleen Bonsack, Earl & Elaine Bonsack, Rosalie Schnick, Thomas Ready, Jesse & Ashley Bonsack, And William Pfafflin, by and through their undersigned counsel, hereby file this Class Action Complaint, individually and on behalf of all others similarly situated, and make these allegations based on information and belief against Defendants, 3M COMPANY, f/k/a Minnesota Mining and Manufacturing Co., AGC CHEMICALS AMERICAS INC., AMEREX CORPORATION, ARKEMA INC., ARCHROMA MANAGEMENT LLC, BASF CORPORATION, BUCKEYE FIRE EQUIPMENT COMPANY, CARRIER GLOBAL CORPORATION, CHEMDESIGN PRODUCTS INC., CHEMGUARD INC., CHEMICALS, INC., CLARIANT CORPORATION, CORTEVA, INC., DEEPWATER CHEMICALS, INC., DUPONT DE NEMOURS INC., DYNAX CORPORATION, E. I. DUPONT DE NEMOURS AND COMPANY, KIDDE-FENWAL, INC., NATION FORD CHEMICAL COMPANY, NATIONAL FOAM, INC., THE CHEMOURS COMPANY, THE CHEMOURS COMPANY FC, LLC, TYCO FIRE PRODUCTS LP, and DOE DEFENDANTS 1-20, fictitious names whose present identies are unknown (collectively "Defendants"), and allege, upon information and belief, as follows:

## **INTRODUCTION**

1.  Plaintiffs are residents of La Crosse, Wisconsin (the "City") – a City whose water supply has been rendered unsafe to drink due to the presence of chemicals manufactured, distributed, and/or discharged by Defendants. Defendants have contaminated Plaintiffs' and Class Members' (defined below) private water wells with toxic chemicals known to cause cancer. Therefore, Plaintiffs brings this class action against Defendants to protect the public health, safety, welfare, and the environment, to recover the substantial cost of the treatment and removal of the contamination from their private water wells, and to seek damages for the diminution of their property value that Defendants' contamination has caused.

2.  Defendants manufactured, marketed, and sold aqueous film-forming foam ("AFFF"), a firefighting product used to control and extinguish aviation, marine, fuel, and other flammable liquid fires ("the AFFF Products").

3.  Defendants' AFFF Products contained per- and poly-fluoroalkyl substances ("PFAS"), including perfluorooctane sulfonate ("PFOS") and perfluorooctanoic acid ("PFOA"), chemicals that Defendants have known for decades would contaminate the water and cause adverse health effects and could have foreseen would cause a profound risk to public health in communities such as the City.

4.  PFOS and PFOA chemicals that seep into the soil and water are dangerous because they are mobile, persist in the environment, bioaccumulate in individual organisms and humans, and bio magnify up the food chain.

5.  PFOS and PFOA chemicals are associated with multiple significant adverse health effects in humans, including but not limited to kidney cancer, testicular cancer, high cholesterol,

thyroid disease, ulcerative colitis, and pregnancy-induced hypertension.

6.    Defendants were aware since the 1960s and 1970s that PFOA and PFOS are toxic, do not biodegrade, are persistent in the environment, move easily through soil and groundwater, and pose a significant risk to human health and health and safety; yet Defendants elected to manufacture and sell products utilizing these chemicals without warning their customers, placing profits over public health and safety.

7.    Defendants elected to include PFOA and/or PFOS in their AFFF Products despite knowing these substances were dangerous and unnecessary.

8.    Defendants designed, manufactured, marketed, distributed, and/or sold AFFF Products knowing that the PFOA and/or PFOS in these Products would be released into the environment during fire protection, training, and response activities, even when used as directed and intended by Defendants.

9.    Despite their knowledge, Defendants kept this information hidden from customers like the City and the firefighters who would use and be directly exposed to their products.

10.    Civilian and military airports, fire departments and industrial facilities used AFFF Products containing PFOA and PFOS for decades for firefighting and training, including at the La Crosse Regional Airport ("LSE"), unaware of the environmental and health risk and hazards of using Defendants' AFFF Products.

11.    These sites have been linked to contamination of surface and groundwater, as well as public drinking water wells, with PFOA, PFOS, and other perfluorinated chemicals ("PFCs") throughout the country. The City is the latest example.

12.    The City routinely used Defendants' AFFF Products in fire training exercises, to fight fires and in annual testing. As a result, the PFOA/PFOS Defendants used in their AFFF Products seeped into the groundwater at LSE airport and into a flow zone south of the airport,

contaminating both municipal and private wells used to supply residents with drinking water.

13.     As a result of the contamination caused by Defendants' AFFF Products, the Plaintiffs and Class Members have or will have to engage in testing to try to determine the extent of the contamination, to retain consulting experts to discuss remediation, incur costs of purchasing bottled water, and face additional substantial cost and future expenses and diminution of their property value because of Defendants' conduct. Indeed, testing has revealed PFOA/PFOS contamination far above proposed state and federal standards in the City.

14.     Defendants' AFFF Products have created an unreasonable danger to public health and safety in the City of La Crosse and, more specifically, in the neighborhoods of Plaintiffs and Class Members.  This condition must be remediated to protect the public health.

15.     The City brings this action to recover the costs that have been and will be incurred by Plaintiffs and Class Members in investigating, monitoring, remediating, treating, and otherwise responding to the PFOA/PFOS water contamination crisis in the City and Plaintiffs' and Class Members' private drinking water wells, to stem the threat to public health and the environment caused by Defendants' AFFF products, and to ensure the cost of the water treatment is borne by the polluters—Defendants.

## JURISDICTION AND VENUE

16.     This Court has personal jurisdiction over Defendants, CHEMDESIGN PRODUCTS INC.; CHEMGUARD, INC.; and TYCO FIRE PRODUCTS LP pursuant to Wis. Stat. §§ 801.05(1)(d), (4), and (5) due to Defendants' engagement in substantial and not isolated activities within this state and have their principal place of business in Wisconsin.

17.     Upon information and belief, this Court has personal jurisdiction over 3M COMPANY, f/k/a Minnesota Mining and Manufacturing Co., AGC CHEMICALS AMERICAS INC., AMEREX CORPORATION, ARKEMA INC., ARCHROMA MANAGEMENT LLC,

5

BASF CORPORATION, BUCKEYE FIRE EQUIPMENT COMPANY, CARRIER GLOBAL CORPORATION, CHEMDESIGN PRODUCTS INC., CHEMGUARD INC., CHEMICALS, INC., CLARIANT CORPORATION, CORTEVA, INC., DEEPWATER CHEMICALS, INC., DUPONT DE NEMOURS INC., DYNAX CORPORATION, E. I. DUPONT DE NEMOURS AND COMPANY, KIDDE-FENWAL, INC., NATION FORD CHEMICAL COMPANY, NATIONAL FOAM, INC., THE CHEMOURS COMPANY, THE CHEMOURS COMPANY FC, LLC, TYCO FIRE PRODUCTS LP, and DOE DEFENDANTS 1-20, under Wis. Stat. §§ 801.05(1)(d), (4), and (5) as they do business in Wisconsin by manufacturing and selling materials in this State and/or to this State.

18.    Upon information and belief, and always relevant to the Complaint, these Defendants conducted substantial business in Wisconsin, solicited sales of AFFF Products to numerous firefighting customers in this State, including the City, sold and delivered AFFF Products for use in this State by numerous firefighting customers, including the City, registered to do business in this State, and otherwise availed themselves to the legal rights in Wisconsin thereby.

19.    This Court has personal jurisdiction over these Defendants as they engage in business in Wisconsin such that it is reasonably foreseeable that they would be subject to jurisdiction of the courts of this State.

20.    Upon information and belief, these Defendants also maintained websites accessible to Wisconsin and residents of the City.

21.    Venue is proper under Wis. Stat. §§ 801.50(2) (a) & (b), as the claim arose within La Crosse County and it is in this county that the tangible personal property subject to this claim is situated.

**PARTIES**

a.       **Plaintiffs**

22.    Plaintiff Donna Bentzen is a resident of La Crosse, Wisconsin, who currently resides at 2902 Pierce Avenue, La Crosse, WI 54603. She owns the property, which currently receives water from a private well. PFAS has entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiff Donna Bentzen has been exposed to elevated levels of PFAS through her water.

23.    Plaintiffs Blaine and Eileen Houser are residents of La Crosse, Wisconsin, who currently reside at 3141 Youngdale Avenue, La Crosse, WI 54603. They own the property, which currently receives water from a private well.  PFAS has entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiffs Blaine and Eileen Houser have been exposed to elevated levels of PFAS through their water.

24.    Plaintiffs Craig and Katie Walters are residents of La Crosse, Wisconsin, who currently reside at 809 Kelly Place, La Crosse, WI 54603. They own the property, which currently receives water from a private well. PFAS has entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiffs Craig and Katie Walters have been exposed to elevated levels of PFAS through their water.

25.    Plaintiffs Rainey and Debbie Walters are residents of La Crosse, Wisconsin, who currently reside at 807 Richmond Avenue, La Crosse, WI 54603. They own the property, which currently receives water from a private well. PFAS has entered the water, property, and soil, including

7

but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiffs Rainey and Debbie Walters have been exposed to elevated levels of PFAS through their water.

26.   Plaintiff April Hucke (Butterfield) is a resident of La Crosse, Wisconsin, who currently resides at 2535 Island Park Road, La Crosse, WI 54603. She owns the property, which currently receives water from a private well. PFAS has entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiff April Hucke has been exposed to elevated levels of PFAS through her water.

27.   Plaintiffs Richard and Catherine Tischer are residents of La Crosse, Wisconsin, who currently reside at 1602 Lakeshore Drive, La Crosse, WI 54603. They own the property, which currently receives water from a private well. PFAS has entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiffs Richard and Catherine Tischer have been exposed to elevated levels of PFAS through their water.

28.   Plaintiff Denise Roellich is a resident of La Crosse, Wisconsin, who currently resides at 1357 Nakomis Avenue, La Crosse, WI 54603. She owns the property, which currently receives water from a private well. PFAS have entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiff Denise Roellich has been exposed to elevated levels of PFAS through her water.

29.   Plaintiff Kim Wing is a resident of La Crosse, Wisconsin, who currently resides at 203 Church Drive, La Crosse, WI 54603. She owns the property, which currently receives water from a private well. PFAS has entered the water, property, and soil, including but not limited to through the

accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiff Kim Wing has been exposed to elevated levels of PFAS through her water.

30.    Plaintiff Colin McKeown is a resident of La Crosse, Wisconsin, who currently resides at 318 Olivet Street, La Crosse, WI 54603. He owns the property, which currently receives water from a private well. PFAS has entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiff Colin McKeown has been exposed to elevated levels of PFAS through his water.

31.    Plaintiff Kenneth Scott is a resident of La Crosse, Wisconsin, who currently resides at 1620 Lakeshore Drive, La Crosse, WI 54603. He owns the property, which currently receives water from a private well. PFAS have entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiff Kenneth Scott has been exposed to elevated levels of PFAS through his water.

32.    Plaintiff Robin Dyck is a resident of La Crosse, Wisconsin, who currently resides at 2924 Pierce Avenue, La Crosse, WI 54603. She owns the property, which currently receives water from a private well. PFAS has entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiff Robin Dyck has been exposed to elevated levels of PFAS through her water.

33.    Plaintiff Holly Brenner is a resident of La Crosse, Wisconsin, who currently resides at 204 Goddard Street, La Crosse, WI 54603. She owns the property, which currently receives water from a private well. PFAS has entered the water, property, and soil, including but not limited to through the accumulation of PFCs in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiff Holly Brenner has been exposed to elevated levels of PFAS

through her water.

34.    Plaintiff Mary Lou Arentz is a resident of La Crosse, Wisconsin, who currently resides at 2125 Caroline Street, La Crosse, WI 54603. She owns the property, which currently receives water from a private well. PFAS has entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiff Mary Lou Arentz has been exposed to elevated levels of PFAS through her water.

35.    Plaintiff Robert Clark is a resident of La Crosse, Wisconsin, who currently resides at 2937 Lakeshore Drive, La Crosse, WI 54603. He owns the property, which currently receives water from a private well. PFAS has entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiff Robert Clark has been exposed to elevated levels of PFAS through his water.

36.    Plaintiffs Charles and Karen Gates are residents of La Crosse, Wisconsin, who currently reside at 810 Kelly Place, La Crosse, WI 54603. They own the property, which currently receives water from a private well. PFAS have entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiffs Charles and Karen Gates have been exposed to elevated levels of PFAS through their water.

37.    Plaintiff Todd Blanchard is a resident of La Crosse, Wisconsin, who currently resides at 814 Richmond Avenue, La Crosse, WI 54603. He owns the property, which currently receives water from a private well. PFAS have entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiff Todd Blanchard has been exposed to elevated levels of PFAS

through his water.

38.   Plaintiff Donna Gilbert is a resident of La Crosse, Wisconsin, who currently resides at 1816 Caroline Street, La Crosse, WI 54603. She owns the property, which currently receives water from a private well. PFAS has entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiff Donna Gilbert has been exposed to elevated levels of PFAS through her water.

39.   Plaintiffs Glenn and Irene Wood are residents of La Crosse, Wisconsin, who currently reside at 1835 La Fond Avenue, La Crosse, WI 54603. They own the property, which currently receives water from a private well. PFAS has entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiffs Glenn and Irene Wood have been exposed to elevated levels of PFAS through their water.

40.   Plaintiffs Daniel and Betty Fagan are residents of La Crosse, Wisconsin, who currently reside at 1623 Bainbridge Street, La Crosse, WI 54603. They own the property, which currently receives water from a private well. PFAS has entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiffs Daniel and Betty Fagan have been exposed to elevated levels of PFAS through their water.

41.   Plaintiffs Paul and Shirley Urbanek are residents of La Crosse, Wisconsin, who currently reside at 1417 La Crescent Street, La Crosse, WI 54603. They own the property, which currently receives water from a private well. PFAS have entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiffs Paul and Shirley Urbanek have been

exposed to elevated levels of PFAS through their water.

42.    Plaintiffs Travis and Glena Suiter are residents of La Crosse, Wisconsin, who currently reside at 1828 Bainbridge Place, La Crosse, WI 54603. They own the property, which currently receives water from a private well. PFAS has entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiffs Travis and Glena Suiter have been exposed to elevated levels of PFAS through their water.

43.    Plaintiff Kathleen Zabel is a resident of La Crosse, Wisconsin, who currently resides at 3130 Youngdale Avenue, La Crosse, WI 54603. She owns the property, which currently receives water from a private well. PFAS has entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiff Kathleen Zabel has been exposed to elevated levels of PFAS through her water.

44.    Plaintiff Shirley Arentz is the owner of property located at 1322 La Crescent Street, La Crosse, WI 54603. She owns the property, which currently receives water from a private well. PFAS has entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiff has been exposed to elevated levels of PFAS through her water.

45.    Plaintiffs Terry and Linda Greene are residents of La Crosse, Wisconsin, who currently reside at 2902 Youngdale Avenue, La Crosse, WI 54603. They own the property, which currently receives water from a private well. PFAS has entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiffs Terry and Linda Greene have been exposed to elevated levels of PFAS through their water.

46. Plaintiffs Thomas and Patricia Dunn are residents of La Crosse, Wisconsin, who currently reside at 806 Richmond Avenue, La Crosse, WI 54603. They own the property, which currently receives water from a private well. PFAS has entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiffs Thomas and Patricia Dunn have been exposed to elevated levels of PFAS through their water.

47. Plaintiff Barbara Gander is the owner of property located at 809 Richmond Avenue, La Crosse, WI 54603. She owns the property, which currently receives water from a private well. PFAS has entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiff Barbara Gander has been exposed to elevated levels of PFAS through her water.

48. Plaintiff Steven Flick is a resident of La Crosse, Wisconsin, who currently resides at 2605 Hibbard Court, La Crosse, WI 54603. He owns the property, which currently receives water from a private well. PFAS has entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiff Steven Flick have been exposed to elevated levels of PFAS through his water.

49. Plaintiff Peter Griffith is a resident of La Crosse, Wisconsin, who currently resides at 2605 Hibbard Court, La Crosse, WI 54603. He owns the property, which currently receives water from a private well. PFAS has entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiff Peter Griffith has been exposed to elevated levels of PFAS through his water.

50. Plaintiffs Jeff and Colleen Bonsack are residents of La Crosse, Wisconsin, who

currently reside at 1913 Cherokee Avenue, La Crosse, WI 54603. They own the property, which currently receives water from a private well. PFAS has entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiffs Jeff and Colleen Bonsack have been exposed to elevated levels of PFAS through their water.

51.    Plaintiffs Earl and Elaine Bonsack are residents of La Crosse, Wisconsin, who currently reside at 620 Plainview Road, La Crosse, WI 54603. They own the property, which currently receives water from a private well. PFAS has entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiffs Earl and Elaine Bonsack have been exposed to elevated levels of PFAS through their water.

52.    Plaintiff Rosalie Schnick is a resident of La Crosse, Wisconsin, who currently resides at 3039 Edgewater Lane, La Crosse, WI 54603. She owns the property, which currently receives water from a private well. PFAS has entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiff Rosalie Schnick has been exposed to elevated levels of PFAS through her water.

53.    Plaintiffs Jesse and Ashley Bonsack are residents of La Crosse, Wisconsin, who currently reside at 2609 Hibbard Ct., La Crosse, WI 54603. They own the property, which currently receives water from a private well. PFAS has entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiffs Jesse and Ashley Bonsack have been exposed to elevated levels of PFAS through their water.

54.    Plaintiff William Pfafflin is a resident of La Crosse, Wisconsin, who currently resides

at 3021 Edgewater Lane, La Crosse, WI 54603. He owns the property, which currently receives water from a private well. PFAS has entered the water, property, and soil, including but not limited to through the accumulation of PFAS in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Plaintiff William Pfafflin has been exposed to elevated levels of PFAS through his water.

55.    As a result of Defendants' PFAS contamination Plaintiffs and Class Members have incurred and will continue to incur costs for the remediation of PFAS from their property and private wells, diminution of property value, and are at an increased risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, and testicular and kidney cancer and other forms of cancer. Plaintiffs' class action lawsuit seeks to hold Defendants' accountable for these costs as well as abating the public and private nuisance Defendants' wrongful conduct has created in the community.

**B.    Defendants**

56.    The term "Defendants" refers to all Defendants named herein jointly and severally.

    i.    The AFFF Defendants

57.    The term "AFFF Defendants" refers collectively to Defendants 3M Company, Amerex Corporation, Buckeye Fire Equipment Company, Carrier Global Corporation, Chemguard Inc., Kidde-Fenwal, Inc., National Foam, Inc., and Tyco Fire Products L.P..

58.    Defendant The 3M Company f/k/a Minnesota Mining and Manufacturing Co. ("3M") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 3M Center, St. Paul, Minnesota 55144-1000.

59.    Beginning before 1970 and until at least 2002, 3M designed, manufactured, marketed, distributed, and sold AFFF containing PFAS, including but not limited to PFOA and PFOS.

60.    Defendant Amerex Corporation ("Amerex") is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business located at 7595 Gadsden Highway, Trussville, AL 35173.

61.    Amerex is a manufacturer of firefighting products. Beginning in 1971, it was a manufacturer of hand portable and wheeled extinguishers for commercial and industrial applications.

62.    In 2011, Amerex acquired Solberg Scandinavian AS, one of the largest manufacturers of AFFF products in Europe.

63.    On information and belief, beginning in 2011, Amerex designed, manufactured, marketed distributed, and sold AFFF containing PFAS, including but not limited to PFOA and PFOS.

64.    Defendant Tyco Fire Products LP ("Tyco") is a limited partnership organized under the laws of the State of Delaware, with its principal place of business located at One Stanton Street, La Crosse, Wisconsin 54143-2542.

65.    Tyco is the successor in interest of The Ansul Company ("Ansul"), having acquired Ansul in 1990.

66.    Beginning in or around 1975, Ansul designed, manufactured, marketed, distributed, and sold AFFF containing PFAS, including but not limited to PFOA and PFOS.

67.    After Tyco acquired Ansul in 1990, Tyco/Ansul continued to design, manufacture, market, distribute, and sell AFFF products containing PFAS, including but not limited to PFOA and PFOS.

68.    Defendant Chemguard, Inc. ("Chemguard") is a corporation organized under the laws of the State of Texas, with its principal place of business located at One Stanton Street, La Crosse, Wisconsin 54143.

69.     On information and belief, Chemguard designed, manufactured, marketed, distributed, and sold AFFF products containing PFAS, including but not limited to PFOA and PFOS.

70.     On information and belief, Chemguard was acquired by Tyco International Ltd. in 2011.

71.     Defendant Buckeye Fire Equipment Company ("Buckeye") is a corporation organized under the laws of the State of Ohio, with its principal place of business located at 110 Kings Road, Kings Mountain, North Carolina 28086.

72.     On information and belief, Buckeye designed, manufactured, marketed, distributed, and sold AFFF products containing PFAS, including but not limited to PFOA and PFOS.

73.     Defendant National Foam, Inc. ("National Foam") is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 141 Junny Road, Angier, North Carolina 27501.

74.     Beginning in or around 1973, National Foam designed, manufactured, marketed, distributed, and sold AFFF containing PFAS, including but not limited to PFOA and PFOS.

75.     On information and belief, National Foam currently manufactures the Angus brand of AFFF products and is a subsidiary of Angus International Safety Group.

76.     On information and belief, National Foam merged with Chubb Fire Ltd. to form Chubb National Foam, Inc. in or around 1988.

77.     On information and belief, Chubb is or has been composed of different subsidiaries and/or divisions, including but not limited to, Chubb Fire & Security Ltd., Chubb Security, PLC, Red Hawk Fire & Security, LLC, and/or Chubb National Foam, Inc. (collectively referred to as "Chubb").

78.     On information and belief, Chubb was acquired by Williams Holdings in 1997.

79.     On information and belief, Angus Fire Armour Corporation had previously been acquired by Williams Holdings in 1994.

80.     On information and belief, Williams Holdings was demerged into Chubb and Kidde P.L.C. in or around 2000.

81.     On information and belief, when Williams Holdings was demerged, Kidde P.L.C. became the successor in interest to National Foam System, Inc. and Angus Fire Armour Corporation.

82.     On information and belief, Kidde P.L.C. was acquired by United Technologies Corporation in or around 2005.

83.     On information and belief, Angus Fire Armour Corporation and National Foam separated from United Technologies Corporation in or around 2013.

84.     Defendant Kidde-Fenwal, Inc. ("Kidde-Fenwal") is a corporation organized under the laws of the State of Delaware, with its principal place of business at One Financial Plaza, Hartford, Connecticut 06101.

85.     On information and belief, Kidde-Fenwal was an operating subsidiary of Kidde P.L.C. and manufactured AFFF following Kidde P.L.C.'s acquisition by United Technologies Corporation.

86.     On information and belief, Kidde-Fenwal is the entity that divested the AFFF business unit now operated by National Foam in 2013.

87.     Defendant Carrier Global Corporation ("Carrier") is a corporation organized under the laws of the State of Delaware, with its principal place of business at 13995 Pasteur Boulevard, Palm Beach Gardens, Florida 33418.

88.     On information and belief, Carrier was formed in March 2020 when United

Technologies Corporation spun off its fire and security business before it merged with Raytheon Company in April 2020.

89.    On information and belief, Kidde-Fenwal became a subsidiary of Carrier when United Technologies Corporation spun off its fire and security business in March 2020.

90.    On information and belief, the AFFF Defendants designed, manufactured, marketed, distributed, and sold AFFF products containing PFOS, PFOA, and/or their chemical precursors that were stored, handled, used, trained with, tested equipment with, otherwise discharged, and/or disposed at LSE.

ii.    The Fluorosurfactant Defendants

91.    The term "Fluorosurfactant Defendants" refers collectively to Defendants 3M, Arkema, Inc., BASF Corporation, ChemDesign Products Incorporated, Chemguard Inc., Deepwater Chemicals, Inc., E.I. DuPont de Nemours and Company, The Chemours Company, The Chemours Company FC, LLC, DuPont de Nemours Inc., and Dynax Corporation.

92.    Defendant Arkema, Inc. is a corporation organized and existing under the laws of Pennsylvania, with its principal place of business at 900 First Avenue, King of Prussia, PA 19406.

93.    Arkema, Inc. develops specialty chemicals and polymers.

94.    Arkema, Inc. is an operating subsidiary of Arkema France, S.A.

95.    On information and belief, Arkema, Inc. designed, manufactured, marketed, distributed, and sold fluorosurfactants containing PFOS, PFOA, and/or their chemical precursors for use in AFFF products.

96.    Defendant BASF Corporation ("BASF") is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 100 Park Avenue, Florham Park, New Jersey 07932.

97.    On information and belief, BASF is the successor-in-interest to Ciba. Inc. (f/k/a

19

Ciba Specialty Chemicals Corporation).

98.     On information and belief, Ciba Inc. designed, manufactured, marketed, distributed, and sold fluorosurfactants containing PFOS, PFOA, and/or their chemical precursors for use in AFFF products.

99.     Defendant ChemDesign Products Inc. ("ChemDesign") is a corporation organized under the laws of Delaware, with its principal place of business located at 2 Stanton Street, Marinette, WI, 54143.

100.    On information and belief, ChemDesign designed, manufactured, marketed, distributed, and sold fluorosurfactants containing PFOS, PFOA, and/or their chemical precursors for use in AFFF products.

101.    Defendant Deepwater Chemicals, Inc. ("Deepwater") is a corporation organized under the laws of Delaware, with its principal place of business located at 196122 E County Road 40, Woodward, OK, 73801.

102.    On information and belief, Deepwater Chemicals designed, manufactured, marketed, distributed, and sold fluorosurfactants containing PFOS, PFOA, and/or their chemical precursors for use in AFFF products.

103.    Defendant Dynan Corporation ("Dynax") is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 103 Fairview Park Drive, Elmsford, New York 10523.

104.    On information and belief, Dynax entered the AFFF market on or about 1991 and quickly became a leading global producer of fluorosurfactants and fluorochemical stabilizers containing PFOS, PFOA, and/or their chemical precursors.

105.    On information and belief, Dynax designed, manufactured, marketed, distributed, and sold fluorosurfactants and fluorochemical stabilizers containing PFOS, PFOA, and/or their

chemical precursors for use in AFFF products.

106.    Defendant E.I. du Pont de Nemours & Company ("DuPont") is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 974 Centre Road, Wilmington, Delaware 19805.

107.    Defendant The Chemours Company ("Chemours Co.") is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 1007 Market Street, P.O. Box 2047, Wilmington, Delaware, 19899.

108.    In 2015, DuPont spun off its performance chemicals business to Chemours Co., along with vast environmental liabilities which Chemours Co. assumed, including those related to PFOS and PFOA and fluorosurfactants. On information and belief, Chemours Co. has supplied fluorosurfactants containing PFOS and PFOA, and/or their chemical precursors to manufacturers of AFFF products.

109.    On information and belief, Chemours Co. was incorporated as a subsidiary of DuPont as of April 30, 2015. From that time until July 2015, Chemours Co. was a wholly owned subsidiary of DuPont.

110.    In July 2015, DuPont spun off Chemours Co. and transferred to Chemours Co. its "performance chemicals" business line, which includes its fluoroproducts business, distributing shares of Chemours Co. stock to DuPont stockholders, and Chemours Co. has since been an independent, publicly traded company.

111.    Defendant The Chemours Company FC, LLC ("Chemours FC") is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 1007 Market Street, Wilmington, Delaware, 19899.

112.    Defendant Corteva, Inc. ("Corteva") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 974 Centre Rd., Wilmington, Delaware 19805.

113.    Defendant Dupont de Nemours Inc. f/k/a DowDuPont, Inc. ("Dupont de Nemours Inc.") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 974 Centre Road, Wilmington, Delaware 19805 and 2211 H.H. Dow Way, Midland, Michigan 48674.

114.    On June 1, 2019, DowDuPont separated its agriculture business through the spin-off of Corteva.

115.    Corteva was initially formed in February 2018. From that time until June 1, 2019, Corteva was a wholly owned subsidiary of DowDuPont.

116.    On June 1, 2019, DowDuPont distributed to DowDuPont stockholders all issued and outstanding shares of Corteva common stock by way of a pro-rata dividend. Following that distribution, Corteva became the direct parent of E. I. Du Pont de Nemours & Co.

117.    Corteva holds certain DowDuPont assets and liabilities, including DowDuPont's agriculture and nutritional businesses.

118.    On June 1, 2019, DowDuPont, the surviving entity after the spin-off of Corteva and of another entity known as Dow, Inc., changed its name to DuPont de Nemours, Inc., to be known as DuPont ("New DuPont"). New DuPont retained assets in the specialty products business lines following the above-described spin-offs, as well as the balance of the financial assets and liabilities of E.I DuPont not assumed by Corteva.

119.    Defendants E. I. Du Pont de Nemours and Company; The Chemours Company; The Chemours Company FC, LLC; Corteva, Inc.; and DuPont de Nemours, Inc. are collectively referred to as "DuPont" throughout this Complaint.

120.    On information and belief, DuPont designed, manufactured, marketed, distributed, and sold fluorosurfactants containing PFOS, PFOA, and/or their chemical precursors for use in AFFF products.

121.    On information and belief, 3M and Chemguard also designed, manufactured, marketed, distributed, and sold fluorosurfactants containing PFOS, PFOA, and/or their chemical precursors for use in AFFF products.

122.    On information and belief, the Fluorosurfactant Defendants designed, manufactured, marketed, distributed, and sold fluorosurfactants containing PFOS, PFOA, and/or their chemical precursors for use in AFFF products that were stored, handled, used, trained with, tested equipment with, otherwise discharged, and/or disposed at LSE.

iii.    The PFC Defendants

123.    The term "PFC Defendants" refers collectively to 3M, AGC Chemicals Americas Inc., Archroma Management, LLC, ChemDesign Products, Inc., Chemicals, Inc., Clariant Corporation, Deepwater Chemicals, Inc., E. I. DuPont de Nemours and Company, The Chemours Company, The Chemours Company FC, LLC, Corteva, Inc., DuPont de Nemours Inc., and Nation Ford Chemical Company.

124.    Defendant AGC Chemicals Americas, Inc. ("AGC") is a corporation organized and existing under the laws of Delaware, having its principal place of business at 55 East Uwchlan Avenue, Suite 201, Exton, PA 19341.

125.    On information and belief, AGC Chemicals Americas, Inc. was formed in 2004 and is a subsidiary of AGC Inc., a foreign corporation organized under the laws of Japan, with its principal place of business at 1-5-1, Marunouchi, Chiyoda-ku, Tokyo 100-8405, Japan.

126.    AGC manufactures specialty chemicals. It offers glass, electronic displays, and chemical products, including resins, water and oil repellants, greenhouse films, silica additives, and various fluorointermediates.

127.    On information and belief, AGC designed, manufactured, marketed, distributed, and sold PFCs containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the fluorosurfactants used in AFFF products.

128.    Defendant Archroma Management, LLC ("Archroma") is a foreign corporation organized and existing under the laws of Switzerland, with its a principal place of business at Neuhofstrasse 11, 4153 Reinach, Basel-Land, Switzerland.

129.    On information and belief, Archroma was formed in 2013 when Clariant Corporation divested its textile chemicals, paper specialties, and emulsions business to SK Capital Partners.

130.    On information and belief, Archroma designed, manufactured, marketed, distributed, and sold PFCs containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the fluorosurfactants used in AFFF products.

131.    Defendant Chemicals, Inc. ("Chemicals, Inc.") is a corporation organized and existing under the laws of Texas, with its principal place of business located at 12321 Hatcherville, Baytown, TX 77520.

132.    On information and belief, Chemicals, Inc. supplied PFCs containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the fluorosurfactants used in AFFF products.

133.    Defendant Clariant Corporation ("Clariant") is a corporation organized and existing under the laws of New York, with its principal place of business at 4000 Monroe Road, Charlotte, North Carolina 28205.

134.    On information and belief, Clariant is the successor in interest to the specialty chemicals business of Sandoz Chemical Corporation ("Sandoz"). On information and belief, Sandoz spun off its specialty chemicals business to form Clariant in 1995.

135.    On information and belief, Clariant supplied PFCs containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the fluorosurfactants used in AFFF products.

136.    Defendant Nation Ford Chemical Co. ("Nation Ford") is a corporation organized and existing under the laws of South Carolina, with its principal place of business located at 2300 Banks Street, Fort Mill, SC 29715.

137.    On information and belief, Nation Ford supplied PFCs containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the fluorosurfactants used in AFFF products.

138.    On information and belief, 3M, ChemDesign, Deepwater Chemicals, and DuPont also supplied PFCs containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the fluorosurfactants used in AFFF products.

139.    On information and belief, the Fluorochemical Defendants supplied PFCs containing PFOS, PFOA, and/or their chemical precursors for use in manufacturing the

fluorosurfactants used in AFFF products that were stored, handled, used, trained with, tested equipment with, otherwise discharged, and/or disposed at LSE.

      iv.   Doe Defendants 1-20

140.    Doe Defendants 1-20 are unidentified entities or persons whose names are presently unknown and whose actions, activities, and/or omissions (a) may have permitted, caused and/or contributed to the contamination of Plaintiff's water sources or supply wells; or (b) may be vicariously responsible for entities or persons who permitted, caused and/or contributed to the contamination of Plaintiff's water sources or supply wells; or (c) may be successors in interest to entities or persons who permitted, caused and/or permitted , contributed to the contamination of Plaintiff's water sources or supply wells. After reasonable search and investigation to ascertain the Doe Defendants actual names, the Doe Defendants' actual identities are unknown to Plaintiff as they are not linked with any of the Defendants on any public source.

141.    The Doe Defendants 1-20 either in their own capacity or through a party they are liable for: (1) designed, manufactured, marketed, distributed, and/or sold AFFF products containing PFOS, PFOA, and/or their chemical precursors, and/or designed, manufactured, marketed, distributed, and/or sold the fluorosurfactants and/or PFCs contained in AFFF/Component Products; or (2) used, handled, transported, stored, discharged, disposed of, designed, manufactured, marketed, distributed, and/or sold PFOS, PFOA, and/or their chemical precursors, or other non-AFFF products containing PFOS, PFOA, and/or their chemical precursors; or (3) failed to timely perform necessary and reasonable response and remedial measures to releases of PFOS, PFOA, and/or their chemical precursors, or other non-AFFF products containing PFOS, PFOA, and/or their chemical precursors in to the environment in which Plaintiff's water supplies and well exist.

142.    All Defendants, at all times material herein, acted by and through their respective agents, servants, officers, and employees, actual or ostensible, who then and there were acting within the course and scope of their actual or apparent agency, authority or duties. Defendants are liable based on such activities, directly and vicariously.

143.    Defendants represent all or substantially all the market for AFFF/Component Products at LSE.

### FACTUAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION

**a.    PFOA and PFOS and Their Risk to Public Health**

144.    PFAS are chemical compounds containing fluorine and carbon that are not naturally occurring and must be manufactured.

145.    The two most widely studied types of PFAS are PFOA and PFOS.

146.    PFOA and PFOS have unique properties that cause them to be: (i) mobile and persistent, meaning that they readily spread into the environment where they break down very slowly; (ii) bioaccumulative and biomagnifying, meaning that they tend to accumulate in organisms and up the food chain; and (iii) toxic, meaning that they pose serious health risks to humans and animals.

147.    PFOA and PFOS are mobile because they easily dissolve in water and spread in the environment, where they can readily contaminate soils and leach from the soil into groundwater and travel significant distances.

148.    PFOA and PFOS are characterized by the presence of multiple carbon-fluorine bonds that make them thermally, chemically, and biologically stable; they resist degradation due to light, water, and biological processes.

149.    Bioaccumulation occurs when an organism absorbs a substance at a rate faster than

the rate at which the substance is lost by metabolism and excretion. Biomagnification occurs when the concentration of a substance in the tissues of organisms increases as the substance travels up the food chain.

150.    PFOA and PFOS bioaccumulate/biomagnify in numerous ways. First, they are relatively stable once ingested, so that they bioaccumulate in individual organisms for significant periods of time. Because of this stability, any newly ingested PFOA and PFOS will be added to any PFOA and PFOS already present. In humans, PFOA and PFOS remain in the body for years.

151.    PFOA and PFOS biomagnify up the food chain. This occurs, for example, when humans eat fish that have ingested PFOA and/or PFOS.

152.    PFOA and PFOS are persistent when released into the environment because their chemical structure makes them resistant to breakdown or environmental degradation.

153.    Exposure to PFAS is toxic and poses serious health risks to humans and animals.

154.    PFAS are readily absorbed after consumption or inhalation and accumulate primarily in the bloodstream, kidney, and liver.

**B.    Defendants' Manufacture and Sale of AFFF/Component Products**

155.    AFFF is a type of water-based foam first developed in the 1960s to extinguish hydrocarbon fuel-based fires.

156.    AFFF is a Class-B firefighting foam. It is mixed with water and used to extinguish fires that are difficult to fight, particularly those that involve petroleum or other flammable liquids.

157.    AFFF is synthetically formed by combining fluorine-free hydrocarbon foaming agents with fluorosurfactants. When mixed with water, the resulting solution produces an aqueous film that spreads across the surface of hydrocarbon fuel. This film provides fire extinguishment and is the source of the designation aqueous film-forming foam.

158.   Beginning in the 1960s, the AFFF Defendants designed, manufactured, marketed, distributed, and/or sold AFFF products that used fluorosurfactants containing either PFOS, PFOA, or the chemical precursors that degrade into PFOS and PFOA.

159.   AFFF can be made without the fluorosurfactants that contain PFOA, PFOS, and/or their precursor chemicals. Fluorine-free firefighting foams, for instance, do not release PFOA, PFOS, and/or their precursor chemicals into the environment.

160.   3M manufactured the fluorosurfactants in its AFFF products by 3M's patented process of electrochemical fluorination ("ECF").

161.   The fluorosurfactants used in other AFFF products sold by the AFFF Defendants were manufactured by the Fluorosurfactant Defendants through the process of telomerization.

162.   The PFCs the Fluorosurfactant Defendants needed to manufacture those fluorosurfactants contained PFOS, PFOA, and/or their chemical precursors, and were designed, manufactured, marketed, distributed and/or sold by the PFC Defendants.

163.   On information and belief, the PFC and Fluorosurfactant Defendants were aware that the PFCs and fluorosurfactants they designed, manufactured, marketed, distributed, and/or sold would be used in the AFFF products designed, manufactured, marketed, distributed, and/or sold by the AFFF Defendants.

164.   On information and belief, the PFC and Fluorosurfactant Defendants designed, manufactured, marketed, distributed, and/or sold the PFC and/or fluorosurfactants contained in the AFFF products discharged into the environment at

29

LSE during fire protection, training, and response activities, resulting in widespread PFAS contamination.

165.    On information and belief, the AFFF Defendants designed, manufactured, marketed, distributed, and/or sold the AFFF products discharged into the environment at LSE during fire protection, training, and response activities, resulting in widespread PFAS contamination.

**C.    Defendants' Knowledge of the Threats to Public Health and the EnvironmentPosed by PFOS and PFOA**

166.    On information and belief, by at least the 1970s 3M and DuPont knew or should have known that PFOA and PFOS are mobile and persistent, bioaccumulative and biomagnifying, and toxic.

167.    On information and belief, 3M and DuPont concealed from the public and government agencies its knowledge of the threats to public health and the environment posed by PFOA and PFOS.

168.    Some or all of the Defendants understood from their first sale to a customer that thefluorinated surfactants used in AFFF are stable when released into the environment, yet they failed to warn their customers or provide reasonable instruction on how to manage wastes generated from their products.

i.    <u>1940s and 1950s: Early Warnings About the Persistence of AFFF</u>

169.    In 1947, 3M started its fluorochemical program, and within four years, it began selling its PFOA to DuPont. The persistence and contaminating nature of the fluorosurfactants contained in AFFF products were understood prior to their commercial application at 3M's Cottage Grove facility in Minnesota.

170.    The inventor of 3M's ECF process was J.H. Simons. Simons' 1948

patent for the ECF process reported that PFCs are "non-corrosive, and of little chemical reactivity," and "do not react with any of the metals at ordinary temperatures and react only with the more chemically reactive metals such as sodium, at elevated temperatures."[1]

171.   Simons further reported that fluorosurfactants produced by the ECF process do not react with other compounds or reagents due to the blanket of fluorine atoms surrounding the carbon skeleton of the molecule. 3M understood that the stability of the carbon-to-fluorine bonds prevented its fluorosurfactants from undergoing further chemical reactions or degrading under natural processes in the environment.[2]

172.   The thermal stability of 3M's fluorosurfactants was also understood prior to commercial production. Simons' patent application further discloses that the fluorosurfactants produced by the ECF process were thermally stable at temperatures up to 750° C (1382° F). Additional research by 3M expanded the understanding of the thermal stability of perfluorocarbon compounds.[3]

173.   Nowhere in any Material Safety Data Sheet for any of Defendants' AFFF/Component Products is information on the thermal stability of those products disclosed. Failure to disclose knowledge of the stability of the PFCs and fluorosurfactants used in AFFF products to customers is a failure to warn just how indestructible the AFFF's ingredients are when released to unprotected water sources

---

[1] Simons, J. H., Fluorination of Organic Compounds, U.S. Patent No. 2,447,717. August 24, 1948, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1005.pdf.

[2] Simons, J. H., 1950. Fluorocarbons and Their Production. Fluorine Chemistry, 1(12): 401-422, *available* at https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX3008.pdf.

[3] Bryce, T. J., 1950. Fluorocarbons - Their Properties and Wartime Development. Fluorine Chemistry, 1(13): 423-462.

and even treatment plants.

ii.    1960s: AFFF's Environmental Hazards Come into Focus

174.    By at least the end of the 1960s, additional research and testing performed by 3M and DuPont indicated that fluorosurfactants, including at least PFOA, because of their unique chemical structure, were resistant to environmental degradation and would persist in the environment essentially unaltered if allowed to enter the environment.

175.    One 3M employee wrote in 1964: "This chemical stability also extends itself to all types of biological processes; there are no known biological organisms that are able to attack the carbon-fluorine bond in a fluorocarbon."[4] Thus, 3M knew by the mid-1960s that its surfactants

were immune to chemical and biological degradation in soils and groundwater.

176.    3M also knew by 1964 that when dissolved, fluorocarbon carboxylic acids and fluorocarbon sulfonic acids dissociated to form highly stable perfluorocarboxylate and perfluorosulfonate ions. Later studies by 3M on the adsorption and mobility of FC-95 and FC-143(the ammonium salt of PFOA) in soils indicated very high solubility and very high mobility in soils for both compounds.[5]

iii.    1970s: Internal Studies Provide Evidence of Environmental and HealthRisks    .

177.    By 1950, 3M knew that the fluorosurfactants used in its AFFF product(s) would not degrade when released to the environment but would remain intact and

---

[4] Bryce, H.G., Industrial and Utilitarian Aspects of Fluorine Chemistry (1964), *available* at https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX3022.pdf.
[5] Technical Report Summary re : Adsorption of FC 95 and FC143 on Soil, Feb. 27, 1978, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1158.pdf.

persist. Two decades later—and after the establishment of a robust market of AFFFs using fluorosurfactants—3M finally got around to looking at the environmental risks that fluorosurfactants posed.

178.    An internal memo from 3M in 1971 states that "the thesis that there is 'no natural sink' for fluorocarbons obviously demands some attention."[6] Hence, 3M understood at the very least that the fluorosurfactant used in its AFFF products would, in essence, never degrade once it was released into the environment.

179.    By the mid-1970s, 3M and Ansul (and possibly other Defendants) had an intimate understanding of the persistent nature of PFCs. A 1976 study, for example, observed no biodegradation of FC-95, the potassium salt of PFOS; a result 3M characterized as "unsurprising" in light of the fact that "[b]iodegradation of FC 95 is improbable because it is completely fluorinated."[7]

180.    In 1977, Ansul authored a report titled "Environmentally Improved AFFF," which acknowledged that releasing AFFF into the environment could pose potential negative impacts to groundwater quality.[8] Ansul wrote: "The purpose of this work is to explore the development of experimental AFFF formulations that would exhibit reduced impact on the environment while retaining certain fire suppression characteristic . . . improvements [to AFFF formulations] are desired in the environmental area, i.e., development of compositions that have a reduced impact on

---

[6] Memorandum from H.G. Bryce to R.M. Adams re : Ecological Aspects of Fluorocarbons, Sept. 13, 1971, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1088.pdf.

[7] Technical Report Summary, August 12, 1976 [3MA01252037].

[8] Ansul Co., Final Report: Environmentally Improved AFFF, N00173-76-C-0295, La Crosse, WI, Dec. 13,1977, *available at* https://apps.dtic.mil/dtic/tr/fulltext/u2/a050508.pdf.

the environment without loss of fire suppression effectiveness." Thus, Ansul knew by the mid-1970s that the environmental impact of AFFF needed to be reduced, yet there is no evidence that Ansul (or any other Defendant) ever pursued initiatives to do so.

181.    A 1978 3M biodegradation study likewise reported that an "extensive study strongly suggest[ed]" one of its PFCs is "likely to persist in the environment for extended period unaltered by metabolic attack."[9] A year later, a 3M study reported that one of its fluorosurfactants "was found to be completely resistant to biological test conditions," and that it appeared waterways were the fluorosurfactant's "environmental sink."[10]

182.    In 1979, 3M also completed a comprehensive biodegradation and toxicity study covering investigations between 1975 and 1978.[11] More than a decade after 3M began selling AFFF containing fluorosurfactants it wrote: "there has been a general lack of knowledge relative to the environmental impact of these chemicals." The report ominously asked, "If these materials are not biodegradable, what is their fate in the environment?"

183.    During the 1970s, 3M also learned that the fluorosurfactants used in AFFF accumulated in the human body and were "even more toxic" than previously believed.

184.    In 1975, 3M learns that PFAS was present in the blood of the general

[9] Technical Report Summary re : Fate of Fluorochemicals in the Environment, Biodegradation Studies of Fluorocarbons - II, Jan. 1, 1978, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1153.pdf.
[10] Technical Report Summary re : Fate of Fluorochemicals in the Environment, Biodegradation Studies of Fluorocarbons - III, July 19, 1978, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1179.pdf.

[11] Technical Report Summary, Final Comprehensive Report on FM 3422, Feb. 2, 1979, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX2563.pdf.

population.[12]  Since PFOA and PFOS are not naturally occurring, this finding should

have alerted 3M to the possibility that their products were a source of this PFOS. The

finding also should have alerted 3M to the possibility that PFOS might be mobile,

persistent, bioaccumulative, and biomagnifying, as those characteristics could explain

how PFOS from 3M's products ended up in human blood.

185.    In 1976, 3M found PFAS in the blood of its workers at levels "up to

1,000 times 'normal' amounts of organically bound fluorine in their blood."[13]  This

finding should have alerted 3M to the same issues raised by the prior year's findings.

186.    Studies by 3M in 1978 showed that PFOA reduced the survival rate of

fathead minnow fish eggs,[14] that PFOS was toxic to monkeys,[15] and that PFOS and

PFOA were toxic to rats.[16] In the study involving monkeys and PFOS, all of the monkeys

died within days of ingesting food contaminated with PFOS.

187.    In 1979, 3M and DuPont discussed 3M's discovery of PFOA in the

blood of its workers and came to the same conclusion that there was "no reason" to

---

[12] Memorandum from G.H. Crawford to L.C. Krogh et al. re: Fluorocarbons in Human Blood Plasma,
Aug. 20, 1975, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1118.pdf.

[13] 3M Chronology – Fluorochemicals in Blood, Aug. 26, 1977, *available at*
https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1144.pdf.
[14] The Effects of Continuous Aqueous Exposure to 78.03 on Hatchability of Eggs and Growth
andSurvival of Fry of Fathead Minnow, June 1978, *available at*
https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1176.pdf.
[15] Ninety-Day Subacute Rhesus Monkey Toxicity Study, Dec. 18, 1978, *available at*
https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1191.pdf; Aborted FC95 Monkey
Study,Jan. 2, 1979, *available at*
https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1193.pdf.
[16] Acute Oral Toxicity (LD50) Study in Rats (FC-143), May 5, 1978, *available at*
https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1170.pdf; FC-95, FC-143
and FM-3422 – 90Day Subacute Toxicity Studies Conducted at IRDC – Review of
Final Reports and Summary, Mar. 20, 1979, *available at*
https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1199.pdf.

notify the EPA of the finding.[17]

188.        1980s and 1990s: Evidence of AFFF's Health Risks Continues to Mount

189.        By at least the end of the 1980s, additional research and testing performed by Defendants, including at least 3M and DuPont, indicated that elevated incidence of certain cancers and other adverse health effects, including elevated liver enzymes and birth defects, had been observed among workers exposed to such materials, including at least PFOA, but such data was not published, provided to governmental entities as required by law, or otherwise publicly disclosed at the time.

190.    In 1981, DuPont tested for and found PFOA in the blood of female plant workers Parkersburg, West Virginia. DuPont observed and documented pregnancy outcomes in exposed workers, finding two of seven children born to female plant workers between 1979 and 1981 had birth defects—one an "unconfirmed" eye and tear duct defect, and one a nostril and eye defect.[18]

191.    In 1983, 3M researchers concluded that concerns about PFAS "give rise to concern for environmental safety," including "legitimate questions about the persistence, accumulation potential, and ecotoxicity of fluorochemicals in the environment."[19] That same year, 3M completed a study finding that PFOS caused the

---

[17] Memorandum from R.A. Prokop to J.D. Lazerte re: Disclosure of Information on Levels ofFluorochemicals in Blood, July 26, 1979, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX2723.pdf.

[18] C-8 Blood Sampling Results, *available at* http://tiny.cc/v8z1mz.
[19] 3M Environmental Laboratory (EE & PC), Fate of Fluorochemicals - Phase II, May 20, 1983, *availableat* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1284.pdf.

growth of cancerous tumors in rats.[20] This finding was later shared with DuPont and led them to consider whether "they may be obliged under their policy to call FC-143 a carcinogen in animals."[21]

192.   In 1984, 3M documented a trend of increasing levels of PFOS in the bodies of 3Mworkers, leading one of the company's medical officers to warn in an internal memo: "we must view this present trend with serious concern. It is certainly possible that . . . exposure opportunities are providing a potential uptake of fluorochemicals that exceeds excretion capabilities of the body.[22]

193.   A 1997 material safety data sheet ("MSDS") for a non-AFFF product made by 3M listed its only ingredients as water, PFOA, and other perfluoroalkyl substances and warned that the product includes "a chemical which can cause cancer." The MSDS cited "1983 and 1993 studies conducted jointly by 3M and DuPont" as support for this statement. On information and belief, the MSDS for 3M's AFFF products did not provide similar warnings or information.

iv.   Defendants Hid What They Knew from the Government and the Public.

194.   Federal law requires chemical manufacturers and distributors to

---

[20] Two Year Oral (Diet) Toxicity/Carcinogenicity Study of Fluorochemical FC-143 in Rats, Volume 1 of 4, Aug. 29, 1987, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1337.pdf.

[21] Memorandum from R.G. Perkins to F.D. Griffith re: Summary of the Review of the FC-143 Two-Year Feeder Study Report to be presented at the January 7, 1988 meeting with DuPont, January 5, 1988, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1343.pdf.

[22] Memorandum from D.E. Roach to P.F. Riehle re: Organic Fluorine Levels, Aug. 31, 1984, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1313.pdf.

immediately notify the EPA if they have information that "reasonably supports the conclusion that such substance or mixture presents a substantial risk of injury to health or the environment." Toxic Substances Control Act ("TSCA") § 8(e), 15 U.S.C. § 2607(e)

195.    In April 2006, 3M agreed to pay EPA a penalty of more than $1.5 million after being cited for 244 violations of the TSCA, which included violations for failing to disclose studies regarding PFOS, PFOA, and other PFCs dating back decades.

196.    Likewise, in December 2005, the EPA announced it was imposing the "Largest Environmental Administrative Penalty in Agency History" against DuPont based on evidence that it violated the TSCA by concealing the environmental and health effects of PFOA.

197.    On information and belief, Defendants knew or should have known that AFFF containing PFOA or PFOS would very likely injure and/or threaten public health and the environment, even when used as intended or directed.

198.    Defendants failed to warn of these risks to the environment and public health, including the impact of their AFFF/Component Products on the quality of unprotected water sources.

199.    Defendants were all sophisticated and knowledgeable in the art and science of designing, formulating, and manufacturing AFFF/Component Products. They understood far more about the properties of their AFFF/Component Products— including the potential hazards they posed to human health and the environment—than any of their customers. Still, Defendants declined to use their sophistication and knowledge to design safer products.

**D.    The Impact of PFOS and PFOA on the Environment and Human Health Is Finally Revealed**

200.    As discussed above, neither 3M, DuPont, nor, on information and belief, any other Defendant complied with their obligations to notify EPA about the "substantial risk of injury to health or the environment" posed by their AFFF/Component Products. *See* TSCA § 8(e).

201.    Despite decades of research, 3M first shared its concerns with EPA in the late 1990s. In a May 1998 report submitted to EPA, "3M chose to report simply that PFOS had been found in the blood of animals, which is true but omits the most significant information," according to a former 3M employee.[23]

202.    On information and belief, 3M began in 2000 to phase out its production of products that contained PFOS and PFOA in response to pressure from the EPA.

203.    Once the truth about PFOS and PFOA was revealed, researchers began to study the environmental and health effects associated with them, including a "C8 Science Panel" formed out of a class action settlement arising from contamination from DuPont's Washington Works located in Wood County, West Virginia.

204.    The C8 panel consisted of three epidemiologists specifically tasked with determining whether there was a probable link between PFOA exposure and human diseases. In 2012, the panel found probable links between PFOA and kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy-induced hypertension (including preeclampsia), and hypercholesterolemia.

205.    Human health effects associated with PFOS exposure include immune

---

[23] Letter from R. Purdy, Mar. 28, 1999, *available at* https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1001.pdf.

39

system effects, changes in liver enzymes and thyroid hormones, low birth weight, high uric acid, and high cholesterol. In laboratory testing on animals, PFOA and PFOS have caused the growth of tumors,changed hormone levels, and affected the function of the liver, thyroid, pancreas, and immune system.

206.    The injuries caused by PFAS can arise months or years after exposure.

207.    Even after the C8 Science Panel publicly announced that human exposure to 50 parts per trillion, or more, of PFOA in drinking water for one year or longer had "probable links"with certain human diseases, including kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, preeclampsia, and medically-diagnosed high cholesterol, Defendants repeatedly assured and represented to governmental entities, their customers, and the public (and continue to do so) that the presence of PFOA in human blood at the levels found within the United States presents no risk of harm and is of no legal, toxicological, or medical significance of any kind.

208.    Furthermore, Defendants have represented to and assured such governmental entities, their customers, and the public (and continue to do so) that the work of the independent C8 Science Panel was inadequate to satisfy the standards of Defendants to prove such adverse effects upon and/or any risk to humans with respect to PFOA in human blood.

209.    At all relevant times, Defendants, through their acts and/or omissions, controlled, minimized, trivialized, manipulated, and/or otherwise influenced the information that was published in peer-review journals, released by any governmental entity, and/or otherwise made available to the public relating to PFAS in human blood and any alleged adverse impacts and/or risks associated therewith, effectively

preventing the public from discovering the existence and extent of any injuries/harm as alleged herein.

210. On May 2, 2012, the EPA published its Third Unregulated Contaminant Monitoring Rule ("UCMR3"), requiring public water systems nationwide to monitor for thirty contaminants of concern between 2013 and 2015, including PFOS and PFOA.[24]

211. In the May 2015 "Madrid Statement on Poly- and Perfluoroalkyl Substances (PFAS's)," scientists and other professionals from a variety of disciplines, concerned about the production and release into the environment of PFOA, called for greater regulation, restrictions, limits on the manufacture and handling of any PFOA containing product, and to develop safe non-fluorinated alternatives to these products to avoid long-term harm to human health and the environment.[25]

212. On May 25, 2016, the EPA released a lifetime health advisory (HAs) and health effects support documents for PFOS and PFOA.[26] *See* Fed. Register, Vol. 81, No. 101, May 25, 2016. The EPA developed the HAs to assist governmental officials in protecting public health when PFOS and PFOA are present in drinking water. The EPA HAs identified the concentration of PFOS and PFOA in drinking water at or below which adverse health effects are not anticipated to occur over a lifetime of exposure at 0.07 ppb or 70 ppt. The HAs were based on peer-reviewed studies of the

---

[24] *Revisions to the Unregulated Contaminant Monitoring Regulation (UCMR 3) for Public Water Systems,* 77 Fed. Reg: 26072 (May 2, 2012).

[25] Blum A, Balan SA, Scheringer M, Trier X, Goldenman G, Cousins IT, Diamond M, Fletcher T, HigginsC, Lindeman AE, Peaslee G, de Voogt P, Wang Z, Weber R. 2015. The Madrid statement on poly- and perfluoroalkyl substances (PFASs). Environ Health Perspect 123:A107–A111; http://dx.doi.org/10.1289/ehp.1509934.

[26] *See* Fed. Register, Vol. 81, No. 101, May 25, 2016, Lifetime Health Advisories and Health Effects Support Documents for Perfluorooctanoic Acid and Perfluorooctane Sulfonate.

effects of PFOS and PFOA on laboratory animals (rats and mice) and were also informed by epidemiological studies of human populations exposed to PFOS. These studies indicate that exposure to PFOS and PFOA over these levels may result in adverse health effects, including:

    **a.**    Developmental effects to fetuses during pregnancy or to breast-fed infants (e.g., lowbirth weight, accelerated puberty, skeletal variations);

    **b.**    Cancer (testicular and kidney);

    **c.**    Liver effects (tissue damage);

    **d.**    Immune effects (e.g., antibody production and immunity);

    **e.**    Thyroid disease and other effects (e.g., cholesterol changes).

213.    In addition, PFOS and PFOA are hazardous materials because they pose a "presentor potential threat to human health."[27]

214.    In 2016, the National Toxicology Program of the United States Department of Health and Human Services ("NTP") and the International Agency for Research on Cancer ("IARC") both released extensive analyses of the expanding body of research regarding the adverse effects of PFCs. The NTP concluded that both PFOA and PFOS are "presumed to be an immune hazard to humans" based on a "consistent pattern of findings" of adverse immune effects in human (epidemiology) studies and "high confidence" that PFOA and PFOS exposure was associated with suppression of immune responses in animal (toxicology) studies.[28]

---

[27] *Id.*; *see also National Ass'n for Surface Finishing v. EPA*, 795 F.3d 1, 3, 6 (D.C. Cir. 2015) (referring toPFOS as a "toxic compound" and a "hazardous chemical.").

[28] *See* U.S. Dep't of Health and Human Services, Nat'l Toxicology Program, *NTP Monograph: Immunotoxicity Associated with Exposure to Perfluorooctanoic Acid or Perfluorooctane Sulfonate (*Sept. 2016), at 1, 17, 19, *available at* https://ntp.niehs.nih.gov/ntp/ohat/pfoa_pfos/pfoa_pfosmonograph_508.pdf

215.    IARC similarly concluded that there is "evidence" of "the carcinogenicity of PFOA" in humans and in experimental animals, meaning that "[a] positive association has been observed between exposure to the agent and cancer for which a causal interpretation is credible."[29]

216.    California has listed PFOA and PFOS to its Proposition 65 list as a chemical known to cause reproductive toxicity under the Safe Drinking Water and Toxic Enforcement Act of 1986.[30]

217.    The United States Senate and House of Representatives passed the National Defense Authorization Act in November 2017, which included $42 Million to remediate PFC contamination from military bases, as well as devoting $7 Million toward the Investing in Testing Act, which authorizes the Center for Disease Control and Prevention ("CDC") to conduct a study into the long-term health effects of PFOA and PFOS exposure.[31]   The legislation also required that the Department of Defense submit a report on the status of developing a new military specification for AFFF that did not contain PFOS or PFOA.[32]

---

[29] See Int'l Agency for Research on Cancer, IARC Monographs: *Some Chemicals Used as Solvents and in Polymer Manufacture* (Dec. 2016), at 27, 97, *available at* http://monographs.iarc.fr/ENG/Monographs/vol110/mono110.pdf.

[30] California Office of Environmental Health Hazard Assessment, *Chemicals Listed Effective Nov. 10, 2017 as Known to the State of California to Cause Reproductive Toxicity: Perfluorooctanoic Acid (PFOA) and Perfluorooctane Sulfonate (PFOS)*, Nov. 9, 2017, *available at* https://oehha.ca.gov/proposition-65/crnr/chemicals-listed-effective-november-10-2017-known-state-california-cause.

[31] National Defense Authorization Act for Fiscal Year 2018, H.R. 2810, 115th Congress (2017), *available at* https://www.congress.gov/115/plaws/publ91/PLAW-115publ91.pdf.

[32] *Id.*; *see also* U.S. Department of Defense, *Alternatives to Aqueous Film Forming Foam Report to Congress*, June 2018, *available at* https://www.denix.osd.mil/derp/home/documents/alternatives-to-aqueous-film-forming-foam-report-to-congress/.

[33] ATSDR, *Toxicological Profile for Perfluoroalkyls: Draft for Public Comment* (June 2018), *available at* https://www.atsdr.cdc.gov/toxprofiles/tp200.pdf.

[34] Press Release, *EPA Announces Proposed Decision to Regulate PFOA and PFOS in Drinking Water*, Feb. 20, 2020, *available at* https://www.epa.gov/newsreleases/epa-announces-proposed-decision-regulate-pfoa-and-pfos-drinking-water.

218.    In June 2018, the Agency for Toxic Substances and Disease Registry ("ATSDR") and EPA released a draft toxicological profile for PFOS and PFOA and recommended the drinking water advisory levels be lowered to 11 ppt for PFOA and 7 ppt for PFOS.[33]

219.    On February 20, 2020, the EPA announced a proposed decision to regulate PFOA and PFOS under the Safe Drinking Water Act, which the agency characterized as a "key milestone" in its efforts to "help communities address per- and polyfluoroalkyl substances (PFAS) nationwide."[34] Following a public comment period on its proposed decision, the EPA will decide whether to move forward with the process of establishing a national primary drinking water regulation for PFOA and PFOS.

### E.    Numerous States Adopt Strict Drinking Water Standards for PFOS and PFOA

220.    As more information about the environmental and health hazards of PFAS has come to light, numerous states have recently adopted drinking water standards for PFOS and PFOA that are more stringent than the limits announced by EPA in its May 2016 health advisory.

221.    In April 2019, the State of Minnesota adopted advisory drinking water limits of 15 ppt for PFOS and 27 ppt for PFOA.

222.    In early 2020, two more states adopted drinking water limits for PFOS and PFOA. The State of California adopted drinking water limits of 40 ppt for PFOS and 10 ppt for PFOA in February 2020, while a month later the State of Vermont adopted a limit of 20 ppt for the combined concentration of PFOS, PFOA, and three other PFAS chemicals.

---

223.    Three more states finalized drinking water limits for PFOS and PFOA
in the summer of 2020. The State of New Jersey was the first of three states, adopting
limits of 13 ppt for PFOS and 14 ppt for PFOA in June 2020.  New York was next in
adopting limits of 10 ppt for both chemicals in late July, followed by Michigan adopting
limits of 16 ppt for PFOS and 8 ppt for PFOA in early August.

224.    Most recently, the State of Massachusetts adopted a drinking water limit
in October 2020 requiring that the combined concentration of PFOS, PFOA, and four
other PFAS chemicals not exceed 20 ppt.

**F.    Contamination at LSE Caused by the Use of AFFF**

225.    PFAS has been detected in two of the City's municipal wells and in
groundwater samples taken near the LSE. During the first half of 2020, the Wisconsin
DNR approved a Work Plan for soil and groundwater testing and ordered an investigation
into the PFAS contamination.

226.    According to a lawsuit brought by the City, between July and November
2020, the City sampled wells in the vicinity of LSE and the results indicated that PFAS
levels exceeded 1000 ppt in 9 wells, were between 100 and 1000 ppt in 16 wells, and were
between 20 and 99 ppt in 15 wells. Moreover, from October 2020 through January 2021,
109 wells were sampled at 106 properties located close to the LSE. Of these samples, 40
were above the DNR's proposed standards.

227.    In response to these testing results, the DNR requested that the scope of
the sampling of private wells be expanded in November 2020.

228.    Plaintiff has incurred and will incur expenses to deal with the contaminated water
and infrastructure modifications to ensure their residential and commercial properties are served

clean and safe water and will incur future sampling and remediation costs for PFOA and PFOS.

## CLASS ACTION ALLEGATIONS

229.   Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

230.   Plaintiffs bring this action as a class action on their own behalf and on behalf of allother persons similarly situated as members of the proposed Class and seek to certify and maintain it as a class action under Rule 803.08 of the Rules of Civil Procedure, subject to amendment and additional discovery as follows:

> Individual residents of the State of Wisconsin who own real property in La Crosse County whose private water wells have been contaminated with PFAS. This class can be readily ascertained by Census data, property records, and county records.

231.   Plaintiffs are members of the proposed Class they seek to represent. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

232.   Excluded from the Class are:

> iii.   Defendants, including any entity or division in which Defendants have a controlling interest, along with their legal representative, employees, officers, directors, assigns, heirs, successors, and wholly or partly owned subsidiaries or affiliates;
>
> iv.   The Judge to whom this case is assigned, the Judge's staff, and the Judge's immediate family;
>
> v.   Any class counsel or their immediate family members; and
>
> vi.   All governmental entities.

204.   Plaintiffs reserve the right to amend the Class definition if discovery and further investigation reveal that any Class should be expanded, divided into additional

subclasses, or modified in any other way.

## Numerosity and Ascertainability

205.    This action meets the numerosity requirement of Rules of Civil Procedure 803.08(1)(a) given that the number of impacted individuals in La Crosse County and property owners, upon information and belief, has reached hundreds if not thousands, rendering individual joinder of class members' respective claims impracticable. While the exact number of class members is not yet known, a precise number can be ascertained from U.S. Federal Census records, the State of Wisconsin, and the public records of the municipal entities, and through other appropriate discovery. The resolution of the claims of the class members in a single action will provide substantial benefits to all parties and the Court. It is expected that the class members will number in the tens of thousands.

206.    Finally, Class members can be notified of the pendency of this action by Court- approved notice methods.

## Typicality

207.    Pursuant to Rules of Civil Procedure 803.08(1)(c), Plaintiffs' claims are typical of the claims of class members and arise from the same course of conduct by Defendants. Plaintiffs' persons and real property, like all Class Members, have been damaged by Defendants' misconduct in that they have incurred damages and losses related to the introduction of PFOA, PFOS, and other PFCs into the municipal water supplies as well as private wells in the area, causing property damages.

208.    Furthermore, the factual bases of Defendants' actions and misconduct are common to all Class Members and represent a common thread of misconduct resulting in common injury to all Class Members. The relief Plaintiffs seek is typical of the relief sought for absent Class Members.

**Adequacy of Representation**

209.     Plaintiffs will serve as fair and adequate class representatives as their interests, as well as the interests of their counsel, do not conflict with the interest of other members of the class they seek to represent. Rules of Civil Procedure 803.08(1)(d).

210.     Further Plaintiffs have retained counsel competent and well experienced in class action and environmental tort litigation.

211.     Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so. Neither the Plaintiffs nor their counsel have interests adverse to the Class.

**Predominance of Common Issues**

212.     There are numerous questions of law and fact common to Plaintiffs and Class Members that predominate over any question affecting only individual Class Members. Rules of Civil Procedure 803.08(1)(b). The answers to these common questions will advance resolution of the litigation as to all Class Members. Common legal and factual issues include:

a.     Whether Defendants engaged in the conduct alleged herein.

b.     Whether Defendants knew or should have known that exposure to PFOA and PFOS could increase health risks.

c.     Whether Defendants knew or should have known that their manufacture of PFAS and AFFF containing PFOA and PFOS was unreasonably dangerous.

d.     Whether Defendants knew or should have known that their AFFF contained persistent, stable, and mobile chemicals that were likely to contaminate

groundwater water supplies.

e.        Whether Defendants failed to sufficiently warn of the potential for harm that resulted from use and testing of their products.

f.        Whether Defendants became aware of health and environmental harm caused by PFOA and PFOS and failed to warn users and Plaintiffs and the Class of same.

g.        The extent to which the City knew about the PFOA and PFOS contamination in the water in La Crosse County.

h.        The extent to which Defendants knew about the PFOA and PFOS contamination in the water supply systems in La Crosse County.

i.        The extent to which Defendants knew about the PFOA and PFOS contamination in the water supplied to private wells of residents in La Crosse County.

j.        Whether the Defendants owed a duty to the Plaintiffs and the Class to refrain from the actions that caused the contamination of the drinking water with PFOA and PFOS.

k.        Whether Defendants made unlawful and misleading representations or material omissions with respect to the health impacts of PFOA and PFOS.

l.        Whether the PFOA and PFOS contamination caused and continues to cause:

1.    A continuous invasion of the property rights of the Plaintiffs and Class such that the property values within La Crosse County and/or continue to decline in value following the disclosure of the PFOA contamination; and

    2. Have substantially interfered with Plaintiffs' and the Class' use and enjoyment of their property.

m.      Whether Plaintiffs and Class Members are entitled to damages and other monetary relief and other equitable relief, including but not limited to punitive damages, and if so, in what amount.

n.      Whether the members of the Classes and Subclasses have sustained damages and the proper measure of damages.

o.      Whether Manufacturing Defendants are strictly liable to Plaintiffs and the Class for their actions.

p.      Whether Defendants are liable to Plaintiffs and the Class for their actions.

**Superiority**

213.      The class action mechanism is superior to any other available means of the fair and efficient adjudication of this case. Rules of Civil Procedure 803.08(2)(c). Given the great number of individuals in La Crosse County impacted by Defendants' conduct, it is impracticable for Plaintiffs and the Class to individually litigate their respective claims due to the risk of inconsistent or contradictory judgments, generating increased delays and expense, and wasting judicial resources. No unusual difficulties are likely to be encountered in the management of this class action. Therefore, the class action mechanism presents considerably less management challenges and provides the efficiency of a single court.

**FIRST CAUSES OF ACTION: NEGLIGENCE**

214.      Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

215.      This cause of action is brought pursuant to Wisconsin law.

216.      Defendants failed to employ reasonable care which a reasonably prudent person

should use under the circumstances by transporting, manufacturing, consuming, using, utilizing, storing, handling and/or disposing of toxic substances, including but not limited to PFOA and PFOS, in a way permitting its release into the soil and groundwater.

217. The contamination of the groundwater supply was a foreseeable consequence of Defendants' actions.

218. Defendants owed Plaintiffs a cognizable duty to exercise reasonable care in the transporting, testing, manufacturing, consuming, using, utilizing, storing, handling and/or disposing of toxic substances, including but not limited to PFOA and PFOS.

219. Upon learning of a release of toxic substances, including but not limited to PFOA and PFOS, Defendants owed Plaintiffs a duty to act reasonably to remediate, contain, and eliminate the release before it contaminated and reached Plaintiffs' wells.

220. Defendants breached that duty by failing to act reasonably in the transporting, manufacturing, consuming, using, utilizing, storing, handling and/or disposing of toxic substances, including but not limited to PFOA and PFOS.

221. Defendants failed to take reasonable, adequate and sufficient steps or action to eliminate, correct or remedy a release of PFOA and PFOS after it occurred.

222. Upon learning of a release of toxic substances, including but not limited to PFOA and PFOS, Defendants owed Plaintiffs a duty to timely notify Plaintiffs that the aforementioned release in the vicinity of Defendants' properties had occurred.

223. Defendants breached that duty by failing to timely notify Plaintiffs of any releases of toxic substances, including but not limited to PFOA and PFOS, into the environment in the vicinity of the Defendants' properties, and consequently, in the vicinity of Plaintiffs' wells.

224. Defendants negligently breached their duties to Plaintiffs to ensure that their

transporting, manufacturing, consuming, using, utilizing, storing, handling and/or disposing of toxic substances, including but not limited to PFOA and PFOS, was carried out in a safe and sufficiently secure manner so as to prevent the release of toxic substances, including but not limited to PFOA and PFOS, into the environment surrounding their facilities, and consequently, Plaintiffs' wells.

225.   Defendants' breach of their duties were the direct, sole, and proximate cause of Plaintiffs' damages and imminent, substantial, and impending harm to Plaintiffs' well.

226.   As direct result of the foregoing, Plaintiffs seek compensatory damages in a sum to be determined by a jury at the time of trial. Upon information and belief, said amount exceeds. the jurisdictional limits of the lower courts.

## SECOND CAUSE OF ACTION:
### TRESPASS

227.   Plaintiffs hereby repeat, reallege, and reiterate every allegation in the preceding paragraphs as if fully restated herein.

228. This cause of action is brought pursuant to the laws of Wisconsin.

229. Plaintiffs and Class Members are the owners of property, easements, wells, and the right to appropriate and use groundwater. Defendants, their agents and their employees knew, or should have known, that PFAS chemicals are extremely hazardous to groundwater and water systems, including the property and other rights of Plaintiffs and Class Members.

230. Defendants so negligently, recklessly, and/or intentionally failed to properly control, apply, use, and/or dispose of PFAS contaminants, such that they proximately caused and continue to cause said contaminants to contaminate Plaintiffs' and Class Members' water wells and surrounding groundwater.

231. The contamination of Plaintiffs' and Class Members' wells has varied over time

52

and has not yet ceased. PFOA and/or PFOS continue to migrate into and enter Plaintiffs' and Class Members' wells. The contamination is reasonably abatable.

232. Plaintiffs and Class Members have not consented to, and do not consent to, this contamination.

233. Defendants knew, or reasonably should have known, that Plaintiffs and Class Members would not consent to this trespass.

234. At the time the above-described affirmative, voluntary, and intentional acts were performed with the willful intent to cause PFAS be disbursed onto the land.

235. Defendants' negligent, reckless, willful, and/or wanton actions and/or intentional failures to act caused a large quantity of PFAS to be released into the drinking water for the Plaintiffs.

236. Defendant' willful, wanton, and intentional failure to act and/or their affirmative choices of actions and following courses of actions have caused PFAS to enter and trespass upon the land and realty of the Plaintiffs and cause an injury to their possession and/or right of possession.

237. Additionally, and/or alternatively, Defendants' decisions to delay and the resulting delay in taking any affirmative action eliminate, correct, and/or remedy the PFAS release and contamination after having knowledge and notice of said contamination were done with actual malice, and in wanton, willful and/or reckless disregard for the rights, health, and property of Plaintiffs.

238. Accordingly, Plaintiffs seek general damages from Defendants, in an amount to be determined at trial, directly resulting from their injuries in a sufficient amount to compensate them for the injuries and losses and to restore Plaintiffs to their original position, including but not

limited to the repair and restoration of their property and such has not been done, the cost of repair or restoration, the value of the use of the continuous trespass, diminution of property value, and consequential, and nominal damages flowing from the trespass which are the natural and proximate result of Defendants' conduct in an amount to be proved at trial.

### THIRD CAUSE OF ACTION:
### ABNORMALLY DANGEROUS ACTIVITY
### AND ABSOLUTE AND STRICT LIABILITY

239. Plaintiffs hereby repeat, reallege, and reiterate each allegation in the preceding paragraphs as it fully restated herein.

240. This cause of action is brought pursuant to Wisconsin law.

241. Defendants' manufacturing, operational, and disposal practices as it related to material contaminated with PFAS and/or other ultra-hazardous toxins was negligent, reckless, and/or intentional and constituted an ultra-hazardous or abnormally dangerous activity for which Defendants are strictly liable.

242. The Defendants manufacture, use, mishandling, and disposal of material that contained PFAS was inappropriate, given PFAS's toxicity and danger to human health and the proximity of LSE to the to the sources of drinking water (both groundwater and private wells).

243. As a result, Defendants allowed or caused these ultra-hazardous and abnormally dangerous substances to leach into the land and ground water surrounding the LSE, including the water supply relied upon by Plaintiffs.

244. Further, Defendants' contamination of the water supply with PFAS created the likelihood for personal injury and property damage to individuals who use and rely upon the water.

245. Defendants' manufacture, use, mishandling, and disposal of PFAS and their reckless disregard for the consequences of their actions caused the existence of a high degree of harm to

both the Plaintiffs and their property. Given the nature of PFAS, the likelihood of the harm was great.

246. The risk of such activities outweighs any value associated with the same. As the result of the said ultra-hazardous or abnormally dangerous activities, Plaintiffs have suffered damages and imminent, substantial, and impeding harm to their health, their families, to the value of their home and property, and Plaintiffs have expended or will be forced to expend significant resources to safeguard their property, obtain monitoring, testing, remediating services or equipment.

247. Defendants are strictly liable in tort for personal injury and property damage sustained by Plaintiffs.

248. Accordingly. Plaintiffs seek general damages from Defendants, in an amount to be determined at trial, directly resulting from their injuries in a sufficient amount to compensate them for the injuries and losses and to restore Plaintiffs to their original position, including, but not limited to the difference between the current value of their property and such vale if the harm had not been done, the cost of repair or restoration, the value of the use of continuous trespass, injury to persons, direct and consequential, and nominal damages flowing from the nuisance and trespass which are the natural and proximate result of Defendants' conduct in an amount to be proved at trial.

## FOURTH CAUSE OF ACTION:
## PRIVATE NUISANCE

249. Plaintiffs hereby repeat, reallege, and reiterate each allegation in the preceding paragraphs as if fully restated herein.

250. This cause of action is brought pursuant to Wisconsin law.

251. Defendants' reckless, intentional, and unreasonable, abnormally dangerous,

and/or negligent acts and omissions, as alleged above, resulted in the discharge of PFAS, including PFOA and PFOS, into the environment, contaminating the private wells and groundwater from which the Plaintiffs obtained their drinking water.

252. The discharge of PFAS into the environment resulted in the contamination of the Plaintiffs' groundwater and water supply with hazardous levels of PFOA.

253. The contamination of the groundwater and water supply has prevented and continues to prevent Plaintiffs from consuming or using safe water at their property or residence and constitutes a substantial interference with the right of Plaintiffs and their property.

254. The inability to use safe, potable drinking water at their residences has caused the Plaintiffs' significant inconvenience and expense.

255. By reason the foregoing, Defendants are liable to Plaintiffs for the damages that they have suffered because of Defendants' actions, the amount of which will be determined at trial, plus reasonable attorneys' fees and costs.

256. Accordingly, Plaintiffs seek general damages from Defendants, in an amount to be determined at trial, directly resulting from their injuries in a sufficient amount to compensate them for the injuries and loss and to restore Plaintiffs to their original position, including, but not limited to the difference between the value of their property and such value if the harm had not been done, the cost of repair or restoration, the value of the use of the continuous trespass, and direct, consequential, and nominal damages flowing from the nuisance and trespass which are the natural and proximate result of Defendants' conduct in an amount to be proved at trial.

## FIFTH CAUSE OF ACTION:
## PRODUCTS LIABILITY- FAILURE TO WARN

257. Plaintiffs hereby repeat, reallege, and reiterate each allegation in the preceding paragraphs as if fully restated herein.

258.  This cause of action is brought pursuant to Wisconsin law.

259.  Defendants knew or should have known that exposure to PFCs including PFOA, and PFOS was hazardous to the environment and to human health.

260.  Defendants knew or should have known that the way AFFF was used was hazardous to human health and the environment.

261.  Defendants knew or should have known that the way AFFF was used would result in the contamination of environment, groundwater, the municipal and private water supplies in La Crosse County as a result of the groundwater's proximity to LSE.

262.  Defendants had the duty to warn of the hazards associated with AFFF entering and poisoning the environment and groundwater because they knew of the dangerous and hazardous and toxic properties of the AFFF containing PFAS.

263.  Defendants failed to provide sufficient warning that the use, testing and storage of Defendants' product would cause the product to be released into the environment and cause the contamination of the environment, groundwater, and drinking water, with PFAS.

264.  Further, this contamination led to the exposure and bioaccumulation of PFAS of the Plaintiffs and their risk of developing numerous diseases as more fully set forth above.

265.  Defendants' breach of their duty to timely notify the Plaintiff's community and act reasonably in warning of the presence of PFAS in AFFF, Plaintiffs and the Class were forestalled from undertaking effective and immediate remedial measures, and Plaintiffs and the Class have expended and/or will be forced to expend significant resources to test, monitor, and remediate the effects of Defendants' negligence for many years.

266.  Adequate precautions, instructions and warnings could have reduced or avoided these foreseeable risks to Plaintiffs and the Class and their properties.

267. Had Defendants provided adequate warnings, Plaintiffs and the Class could have taken measures to avoid or lessen their exposure.

268. Had Defendants provided adequate warnings, steps could have been taken to reduce or prevent the release of PFOA and PFOS into the environment, groundwater, and Plaintiffs' drinking water.

269. Defendants' failure to warn was a direct and proximate cause of the environmental and health impacts from PFOA and PFOS that came from the use, storage and disposal of AFFF at Defendants' facilities.

270. As such, Defendants' failure to provide adequate and sufficient warnings for the AFFF that they manufactured, marketed, and sold renders the AFFF a defective product.

271. As a result of Defendants' conduct and the resulting contamination, the value and marketability of the property of the Plaintiff's and Class has been and will continue to be diminished. Plaintiffs and the Class have suffered the need for and the cost of remediation of their properties and or mitigation systems for those properties, and the cost of alterative water.

272. As a result of the contamination, Plaintiffs and the Class have lost use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

### SIXTH CAUSE OF ACTION:
### ACTUAL FRAUDULENT TRANSFER
### (DuPont and Chemours Co.)

273. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

274. Through the effectuation of the Spinoff, Chemours Co. and Dupont (the "Fraudulent Transfer Defendants") caused Chemours Co. to transfer valuable assets to DuPont,

including but not limited to the $3.9 billion dividend (the "Transfers"), while simultaneously assuming significant liabilities (the "Assumed Liabilities").

275.    The Transfers and Assumed Liabilities were made for the benefit of DuPont.

276.    At the time that the Transfers were made, and the Liabilities were assumed, and until the Spinoff was complete, DuPont was in a position to, and in fact did, control and dominate Chemours Co.

277.    The Fraudulent Transfer Defendants made the Transfers and incurred the Assumed Liabilities with the actual intent to hinder, delay, and defraud the creditors or future creditors of Chemours Co.

278.    Plaintiffs and Class Members have been harmed because of the conduct of the Fraudulent Transfer Defendants.

279.    Plaintiffs and Class Members are entitled to avoid the Transfers and to recover property or value transferred to DuPont.

## PUNITIVE DAMAGES

280.    Plaintiffs hereby repeat, reallege, and reiterate each allegation in the preceding paragraphs as if fully restated herein.

281.    Upon information and belief, Defendants engaged in willful, wanton, malicious, and/or reckless conduct that caused the foregoing injuries, property damage, nuisances, and trespasses upon the persons and properties of Plaintiffs, disregarding their protected rights.

282.    Defendants' willful, wanton, malicious, and/or reckless conduct includes but is not limited to Defendants' failure to take all reasonable measures to ensure PFAS containing materials would be effectively disposed of and not discharged into the surrounding environment and groundwater supplies.

283.   Defendants have caused great harm to the property and water supplies of Plaintiffs and demonstrated an outrageous conscious disregard for the safety with implied malice, warranting the imposition of punitive damages.

284.   Defendants committed each of the above-described act and omissions knowingly, willfully, and with oppression, fraud and/or malice, in conscious disregard of the probable dangerous consequences of that conduct and its reasonably foreseeable impacts on public health and welfare. Therefore, Plaintiffs request an award of punitive damages in an amount enough to punish the Defendants and that fairly reflects the aggravating circumstances alleged herein.

285.   Defendants are strictly, jointly and severely liable for all such damages, and Plaintiffs are entitled to recover all such damages and other reliefs set forth below.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs demand judgement against Defendants, and each of them, jointly and severally, and request the following relief from the Court:

A.   A declaration that Defendants acted with negligence, gross negligence, and/or willful, wanton, and careless disregard for the health, safety, and property of Plaintiffs.

B.   An award to Plaintiffs for property damages, general, compensatory, exemplary, consequential, nominal, and punitive damages;

C.   An order certifying the Class as maintainable under the Wisconsin Rules of Civil Procedure;

D.   An order for an award of attorney fees and costs, as provided by law;

E.   An award of pre-judgement and post-judgement interest as provided by law;

F.   Equitable or injunctive relief;

G.   Compensatory damages according to proof including, but not limited to:

    i.  Costs and expenses related to the past, present, and future investigation, sampling, testing, and assessment of the extent of PFAS contamination in Plaintiffs' private wells and surrounding groundwater;

    ii.  Costs and expenses related to past, present, and future treatment and remediation of PFAS contamination in Plaintiffs' private wells and surrounding groundwater; and

    iii.  Diminution of property value caused by the PFAS contamination of Plaintiffs private wells and surrounding groundwater.

H. An order barring transfer of DuPont's liabilities for the claims brought in this Complaint;

I. An award of punitive damages in an amount sufficient to deter Defendants' similar wrongful conduct in the future; and

J. An order for all such other relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury of all issues in the matter.

### SIGNATURE PAGE TO FOLLOW

Dated:  August 3, 2021                    KOBY LAW, LLC

                                          */s/ James R. Koby*
                                          James R. Koby (#01013063)
                                          201 Main Street, Suite 620
                                          La Crosse, Wisconsin 54601
                                          Telephone: (608) 782-1800
                                          Facsimile: (608) 782-4676
                                          jkoby@kobylawllc.com

                                          CURTIS LAW FIRM, LLC

                                          */s/ Scott J. Curtis*
                                          Scott J. Curtis (#1090049)
                                          201 Main Street, Suite 1000
                                          La Crosse, Wisconsin  54601
                                          Telephone: (608) 784-1605
                                          scott@lacrosselaw.com

                                          O'FLAHERTY LAW, LLC

                                          */s/ Sean O'Flaherty*
                                          Sean O'Flaherty (#1037543)
                                          201 Main Street, Tenth Floor
                                          La Crosse, Wisconsin 54601
                                          Telephone: (608) 785-3255
                                          Facsimile: (608) 785-1303
                                          soflaherty@lacrosselaw.com

                                          T. Roe Frazer II (*Pro Hac Vice Anticipated*)
                                          Patrick McMurtray (*Pro Hac Vice Anticipated*)
                                          Thomas Roe Frazer III (*Pro Hac Vice Anticipated*)
                                          Frazer P.L.C.
                                          30 Burton Hills Boulevard, Suite 450
                                          Nashville, TN 37215
                                          (615) 647-6464
                                          roe@frazer.law
                                          patrick@frazer.law
                                          trey@frazer.law

                                          Derek P. Sieck, (*Pro Hac Vice Anticipated*)
                                          James G. Onder, (*Pro Hac Vice Anticipated*)
                                          OnderLaw, LLC
                                          110 E. Lockwood Ave.
                                          St. Louis, MO 63119
                                          (314) 963-9000
                                          sieck@onderlaw.com
                                          onder@onderlaw.com

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE COUNTY**

Donna Bentzen et al vs. The 3M Company et al          **Electronic Notice**
**Status Change**

Case No: 2021CV000393

3M COMPANY
3M CENTER
SAINT PAUL MN 55144

For 2021CV000393, the electronic notice preference for Thomas P Hansfield, Wisconsin attorney for Chemguard Inc. and Tyco Fire Products, LP, has changed.

Thomas P Hansfield has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: September 14, 2021

GF-208(CCAP), 03/2010 Electronic Notice Status Change

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE COUNTY**

Donna Bentzen et al vs. The 3M Company et al          **Electronic Notice
                                                        Status Change**

                                                        Case No: 2021CV000393

AGC CHEMICALS AMERICAS INC.
55 EAST UWCHLAN AVENUE
SUITE 201
EXTON PA 19341

For 2021CV000393, the electronic notice preference for Thomas P Hansfield,
Wisconsin attorney for Chemguard Inc. and Tyco Fire Products, LP, has changed.

Thomas P Hansfield has registered as an electronic notice party and has agreed to file
any documents and receive all communications from the court for this case
electronically. You will no longer need to provide traditional paper documents to this
party. You still need to provide traditional paper documents to the court and any other
parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at
608-785-9590.

La Crosse County Circuit Court
Date: September 14, 2021

GF-208(CCAP), 03/2010 Electronic Notice Status Change

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE COUNTY**

Donna Bentzen et al vs. The 3M Company et al          **Electronic Notice
Status Change**

Case No: 2021CV000393

AMEREX CORPORATION
7595 GADSDEN HIGHWAY
TRUSSVILLE AL 35173

For 2021CV000393, the electronic notice preference for Thomas P Hansfield, Wisconsin attorney for Chemguard Inc. and Tyco Fire Products, LP, has changed.

Thomas P Hansfield has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: September 14, 2021

GF-208(CCAP), 03/2010 Electronic Notice Status Change

**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN**        **CIRCUIT COURT**        **LA CROSSE COUNTY**

Donna Bentzen et al vs. The 3M Company et al        **Electronic Notice**
                                                    **Status Change**

                                                    Case No: 2021CV000393

ARKEMA INC.
900 FIRST AVENUE
KING OF PRUSSIA PA 19406

For 2021CV000393, the electronic notice preference for Thomas P Hansfield, Wisconsin attorney for Chemguard Inc. and Tyco Fire Products, LP, has changed.

Thomas P Hansfield has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: September 14, 2021

GF-208(CCAP), 03/2010 Electronic Notice Status Change

**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN**    **CIRCUIT COURT**    **LA CROSSE COUNTY**

Donna Bentzen et al vs. The 3M Company et al    **Electronic Notice
Status Change**

Case No: 2021CV000393

ARCHROMA MANAGEMENT LLC
NEUHOFSTRASSE 11
4153 REINACH
BASEL-LANE

For 2021CV000393, the electronic notice preference for Thomas P Hansfield,
Wisconsin attorney for Chemguard Inc. and Tyco Fire Products, LP, has changed.

Thomas P Hansfield has registered as an electronic notice party and has agreed to file
any documents and receive all communications from the court for this case
electronically. You will no longer need to provide traditional paper documents to this
party. You still need to provide traditional paper documents to the court and any other
parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at
608-785-9590.

La Crosse County Circuit Court
Date: September 14, 2021

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE COUNTY**

Donna Bentzen et al vs. The 3M Company et al          **Electronic Notice**
                                                       **Status Change**

                                                       Case No: 2021CV000393

BASF CORPORATION
100 PARK AVENUE
FLORHAM PARK NJ 07932

For 2021CV000393, the electronic notice preference for Thomas P Hansfield, Wisconsin attorney for Chemguard Inc. and Tyco Fire Products, LP, has changed.

Thomas P Hansfield has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

                              La Crosse County Circuit Court
                              Date: September 14, 2021

GF-208(CCAP), 03/2010 Electronic Notice Status Change

**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE COUNTY**

Donna Bentzen et al vs. The 3M Company et al          **Electronic Notice
Status Change**

Case No: 2021CV000393

BUCKEYE FIRE EQUIPMENT COMPANY
110 KINGS ROAD
KINGS MOUNTAIN NC 28086

For 2021CV000393, the electronic notice preference for Thomas P Hansfield, Wisconsin attorney for Chemguard Inc. and Tyco Fire Products, LP, has changed.

Thomas P Hansfield has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: September 14, 2021

GF-208(CCAP), 03/2010 Electronic Notice Status Change

**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN**        **CIRCUIT COURT**        **LA CROSSE COUNTY**

Donna Bentzen et al vs. The 3M Company et al            **Electronic Notice**
                                                        **Status Change**

                                                        Case No: 2021CV000393

                        CARRIER GLOBAL CORPORATION
                        13995 PASTEUR BOULEVARD
                        PALM BEACH GARDENS FL 33418

        For 2021CV000393, the electronic notice preference for Thomas P Hansfield,
        Wisconsin attorney for Chemguard Inc. and Tyco Fire Products, LP, has changed.

        Thomas P Hansfield has registered as an electronic notice party and has agreed to file
        any documents and receive all communications from the court for this case
        electronically. You will no longer need to provide traditional paper documents to this
        party. You still need to provide traditional paper documents to the court and any other
        parties who are not electronically filing.

        If you have any questions regarding this notice, please contact our office at
        608-785-9590.

                                        La Crosse County Circuit Court
                                        Date: September 14, 2021

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE COUNTY**

Donna Bentzen et al vs. The 3M Company et al          **Electronic Notice**
**Status Change**

Case No: 2021CV000393

CHEMDESIGN PRODUCTS INC.
2 STANTON STREET
MARINETTE WI 54143

For 2021CV000393, the electronic notice preference for Thomas P Hansfield,
Wisconsin attorney for Chemguard Inc. and Tyco Fire Products, LP, has changed.

Thomas P Hansfield has registered as an electronic notice party and has agreed to file
any documents and receive all communications from the court for this case
electronically. You will no longer need to provide traditional paper documents to this
party. You still need to provide traditional paper documents to the court and any other
parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at
608-785-9590.

La Crosse County Circuit Court
Date: September 14, 2021

**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE COUNTY**

Donna Bentzen et al vs. The 3M Company et al          **Electronic Notice
Status Change**

Case No: 2021CV000393

CHEMICALS, INC.
12321 HATCHERVILLE
BAYTOWN TX 77520

For 2021CV000393, the electronic notice preference for Thomas P Hansfield, Wisconsin attorney for Chemguard Inc. and Tyco Fire Products, LP, has changed.

Thomas P Hansfield has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: September 14, 2021

GF-208(CCAP), 03/2010 Electronic Notice Status Change

**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN**         **CIRCUIT COURT**         **LA CROSSE COUNTY**

Donna Bentzen et al vs. The 3M Company et al          **Electronic Notice
Status Change**

Case No: 2021CV000393

CLARIANT CORPORATION
4000 MONROE ROAD
CHARLOTTE NC 28205

For 2021CV000393, the electronic notice preference for Thomas P Hansfield,
Wisconsin attorney for Chemguard Inc. and Tyco Fire Products, LP, has changed.

Thomas P Hansfield has registered as an electronic notice party and has agreed to file
any documents and receive all communications from the court for this case
electronically. You will no longer need to provide traditional paper documents to this
party. You still need to provide traditional paper documents to the court and any other
parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at
608-785-9590.

La Crosse County Circuit Court
Date: September 14, 2021

**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE COUNTY**

Donna Bentzen et al vs. The 3M Company et al          **Electronic Notice
Status Change**

Case No: 2021CV000393

CORTEVA, INC.
974 CENTRE ROAD
WILMINGTON DE 19805

For 2021CV000393, the electronic notice preference for Thomas P Hansfield, Wisconsin attorney for Chemguard Inc. and Tyco Fire Products, LP, has changed.

Thomas P Hansfield has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: September 14, 2021

GF-208(CCAP), 03/2010 Electronic Notice Status Change

**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE COUNTY**

Donna Bentzen et al vs. The 3M Company et al          **Electronic Notice
Status Change**

Case No: 2021CV000393

DEEPWATER CHEMICALS, INC.
196122 E COUNTY ROAD 40
WOODWARD OK 73801

For 2021CV000393, the electronic notice preference for Thomas P Hansfield, Wisconsin attorney for Chemguard Inc. and Tyco Fire Products, LP, has changed.

Thomas P Hansfield has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: September 14, 2021

GF-208(CCAP), 03/2010 Electronic Notice Status Change

**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE COUNTY**

Donna Bentzen et al vs. The 3M Company et al          **Electronic Notice
Status Change**

Case No: 2021CV000393

DUPONT DE NEMOURS INC.
974 CENTRE ROAD
WILMINGTON DE 19805

For 2021CV000393, the electronic notice preference for Thomas P Hansfield, Wisconsin attorney for Chemguard Inc. and Tyco Fire Products, LP, has changed.

Thomas P Hansfield has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: September 14, 2021

GF-208(CCAP), 03/2010 Electronic Notice Status Change

**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE COUNTY**

Donna Bentzen et al vs. The 3M Company et al          **Electronic Notice
Status Change**

Case No: 2021CV000393

DYNAX CORPORATION
103 FAIRVIEW PARK DRIVE
ELMSFORD NY 10523

For 2021CV000393, the electronic notice preference for Thomas P Hansfield, Wisconsin attorney for Chemguard Inc. and Tyco Fire Products, LP, has changed.

Thomas P Hansfield has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: September 14, 2021

GF-208(CCAP), 03/2010 Electronic Notice Status Change

**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE COUNTY**

Donna Bentzen et al vs. The 3M Company et al          **Electronic Notice
Status Change**

Case No: 2021CV000393

E. I. DUPONT DE NEMOURS AND COMPANY
974 CENTRE ROAD
WILMINGTON DE 19805

For 2021CV000393, the electronic notice preference for Thomas P Hansfield,
Wisconsin attorney for Chemguard Inc. and Tyco Fire Products, LP, has changed.

Thomas P Hansfield has registered as an electronic notice party and has agreed to file
any documents and receive all communications from the court for this case
electronically. You will no longer need to provide traditional paper documents to this
party. You still need to provide traditional paper documents to the court and any other
parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at
608-785-9590.

La Crosse County Circuit Court
Date: September 14, 2021

**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE COUNTY**

Donna Bentzen et al vs. The 3M Company et al          **Electronic Notice
Status Change**

Case No: 2021CV000393

KIDDE-FENWAL, INC.
ONE FINANCIAL PLAZA
HARTFORD CT 06101

For 2021CV000393, the electronic notice preference for Thomas P Hansfield, Wisconsin attorney for Chemguard Inc. and Tyco Fire Products, LP, has changed.

Thomas P Hansfield has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: September 14, 2021

GF-208(CCAP), 03/2010 Electronic Notice Status Change

**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE COUNTY**

Donna Bentzen et al vs. The 3M Company et al          **Electronic Notice**
**Status Change**

Case No: 2021CV000393

NATION FORD CHEMICAL COMPANY
2300 BANKS STREET
FORT MILL SC 29715

For 2021CV000393, the electronic notice preference for Thomas P Hansfield, Wisconsin attorney for Chemguard Inc. and Tyco Fire Products, LP, has changed.

Thomas P Hansfield has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: September 14, 2021

GF-208(CCAP), 03/2010 Electronic Notice Status Change
**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE COUNTY**

Donna Bentzen et al vs. The 3M Company et al          **Electronic Notice**
                                                       **Status Change**

Case No: 2021CV000393

NATIONAL FOAM, INC.
141 JUNNY ROAD
ANGIER NC 27501

For 2021CV000393, the electronic notice preference for Thomas P Hansfield,
Wisconsin attorney for Chemguard Inc. and Tyco Fire Products, LP, has changed.

Thomas P Hansfield has registered as an electronic notice party and has agreed to file
any documents and receive all communications from the court for this case
electronically. You will no longer need to provide traditional paper documents to this
party. You still need to provide traditional paper documents to the court and any other
parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at
608-785-9590.

La Crosse County Circuit Court
Date: September 14, 2021

GF-208(CCAP), 03/2010 Electronic Notice Status Change
**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE COUNTY**

Donna Bentzen et al vs. The 3M Company et al          **Electronic Notice
Status Change**

Case No: 2021CV000393

THE CHEMOURS COMPANY
1007 MARKET STREET
P.O. BOX 2047
WILMINGTON DE 19899

For 2021CV000393, the electronic notice preference for Thomas P Hansfield, Wisconsin attorney for Chemguard Inc. and Tyco Fire Products, LP, has changed.

Thomas P Hansfield has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: September 14, 2021

GF-208(CCAP), 03/2010 Electronic Notice Status Change

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE COUNTY**

Donna Bentzen et al vs. The 3M Company et al          **Electronic Notice**
                                                        **Status Change**

Case No: 2021CV000393

THE CHEMOURS COMPANY FC, LLC
1007 MARKET STREET
WILMINGTON DE 19899

For 2021CV000393, the electronic notice preference for Thomas P Hansfield,
Wisconsin attorney for Chemguard Inc. and Tyco Fire Products, LP, has changed.

Thomas P Hansfield has registered as an electronic notice party and has agreed to file
any documents and receive all communications from the court for this case
electronically. You will no longer need to provide traditional paper documents to this
party. You still need to provide traditional paper documents to the court and any other
parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at
608-785-9590.

La Crosse County Circuit Court
Date: September 14, 2021

GF-208(CCAP), 03/2010 Electronic Notice Status Change

**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE COUNTY**

Donna Bentzen et al vs. The 3M Company et al          **Electronic Notice
Status Change**

Case No: 2021CV000393

DOE DEFENDANTS 1-20

For 2021CV000393, the electronic notice preference for Thomas P Hansfield, Wisconsin attorney for Chemguard Inc. and Tyco Fire Products, LP, has changed.

Thomas P Hansfield has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: September 14, 2021

**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN          CIRCUIT COURT          LA CROSSE COUNTY**

Donna Bentzen et al vs. The 3M Company et al      **Electronic Notice
Status Change**

Case No: 2021CV000393

SEAN O'FLAHERTY
201 MAIN STREET, 10TH FLOOR
LA CROSSE WI 54601

For 2021CV000393, the electronic notice preference for Thomas P Hansfield,
Wisconsin attorney for Chemguard Inc. and Tyco Fire Products, LP, has changed.

Thomas P Hansfield has registered as an electronic notice party and has agreed to file
any documents and receive all communications from the court for this case
electronically. You will no longer need to provide traditional paper documents to this
party. You still need to provide traditional paper documents to the court and any other
parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at
608-785-9590.

La Crosse County Circuit Court
Date: September 14, 2021

GF-208(CCAP), 03/2010 Electronic Notice Status Change

**This form shall not be modified. It may be supplemented with additional material.**

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **LA CROSSE COUNTY**

Donna Bentzen et al vs. The 3M Company et al          **Electronic Notice
Status Change**

Case No: 2021CV000393

SCOTT JAMES CURTIS
201 MAIN STREET, 10TH FLOOR
LA CROSSE WI 54601

For 2021CV000393, the electronic notice preference for Thomas P Hansfield, Wisconsin attorney for Chemguard Inc. and Tyco Fire Products, LP, has changed.

Thomas P Hansfield has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 608-785-9590.

La Crosse County Circuit Court
Date: September 14, 2021

GF-208(CCAP), 03/2010 Electronic Notice Status Change

**This form shall not be modified. It may be supplemented with additional material.**

**FILED**
**09-14-2021**
**Clerk of Circuit Court**
**La Crosse County WI**
**2021CV000393**

STATE OF WISCONSIN            CIRCUIT COURT            LA CROSSE COUNTY

---

**DONNA BENTZEN, BLAINE & EILEEN
HOUSER, CRAIG & KATIE WALTERS,
RAINEY & DEBBIE WALTERS**, *et al.*,

                    Plaintiffs,                    Case No. 2021-CV-393

v.

**THE 3M COMPANY, AGC CHEMICALS
AMERICAS INC., AMEREX CORP.,
ARKEMA, INC., ARCHROMA MGMT.
LLC, BASF CORP.**, *et al.*,

                    Defendants.

---

## NOTICE OF APPEARANCE

---

        PLEASE TAKE NOTICE that the undersigned appears for defendants, Chemguard, Inc.

and Tyco Fire Products LP, in the above-entitled action and requests that all papers filed or

served in this action be served upon him at his office at 777 East Wisconsin Avenue, Milwaukee,

Wisconsin 53202-5306.

        Dated this 14th day of September, 2021.

                              *Electronically Signed by Atty. Thomas P. Hansfield*
                              Thomas P. Hansfield, SBN 1122482
                              FOLEY & LARDNER LLP
                              777 East Wisconsin Avenue
                              Milwaukee, WI 53202
                              Phone:  (414) 297-5084
                              Facsimile:  (414) 297-4900
                              Email:  thansfield@foley.com

                              *Attorneys for Defendants Chemguard, Inc. and Tyco
                              Fire Products LP*